UNITED STATES of America, Appellee,

v.

**Allison FREDENBURGH, Appellant.**

**No. 78–2170.**

United States Court of Appeals,
Third Circuit.

Argued June 6, 1979.

Decided July 23, 1979.

As Amended Aug. 2, 1979.

---

*I* and in violation of Fredenburgh's rights under the double jeopardy clause. We therefore vacate Fredenburgh's sentences and remand to the district court for resentencing.

Robert J. Del Tufo, U. S. Atty., Ralph A. Jacobs (argued), Asst. U. S. Atty., Newark, N. J., for appellee.

George L. Schneider (argued), Zazzali, Zazzali & Whipple, Newark, N. J., for appellant.

Before WEIS and GARTH, Circuit Judges, and BECHTLE,* District Judge.

## OPINION OF THE COURT

GARTH, Circuit Judge:

Allison Fredenburgh had been convicted on thirteen counts of willful misapplication of bank funds in violation of 18 U.S.C. § 656, on one count of conspiracy in violation of 18 U.S.C. § 371, and on two counts of making false statements in bank loan applications in violation of 18 U.S.C. § 1014. Thereafter he had been sentenced on all counts. On appeal, the convictions on all counts other than those for making false statements in bank loan applications were reversed. Although the judgments of conviction on the false statement counts were affirmed, the sentences were vacated and the case remanded for resentencing on those counts. *United States v. Gallagher,* 576 F.2d 1028 (3d Cir. 1978) (*Gallagher I*).

Fredenburgh contends that the sentences thereafter imposed by the district court violate his rights under the double jeopardy clause and the equal protection guarantee of the constitution. He also contends that it violates the "law of the case" doctrine.

We conclude that the sentences imposed by the district court after remand are in contravention of our directive in *Gallagher*

I

Fredenburgh, along with co-defendant Anthony Gallagher, was found guilty by a jury of numerous counts of misapplication of bank funds, 18 U.S.C. § 656, of one count of conspiracy, 18 U.S.C. § 371, and of two counts of making false statements in bank loan applications, 18 U.S.C. § 1014.[1] The evidence at trial showed that Gallagher and McCarthy needed money to finance the operation of their business but were unable to qualify for bank loans. In order to obtain funds, they arranged to have Fredenburgh, a branch manager of Commercial Trust Company of New Jersey, grant bank loans to various individuals whose names were furnished by Gallagher. For this service, Fredenburgh would receive a kickback from Gallagher, who collected the proceeds of the loans. On occasion, loans were made in the names of persons who had not even applied for them.

Pursuant to the jury's verdict of guilty, the district court judge originally sentenced Fredenburgh as follows:

The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment as follows:

A. For a period of 5 years on each of Counts 1, 22, 24, 18 and 4, said terms of imprisonment to be concurrent with each other;

B. For a period of 5 years on each of Counts 30, 14, 38 and 12, and 2 years on Count 41, said terms of imprisonment to be concurrent with each other and consecutive to the sentence under A;

---

* Honorable Louis C. Bechtle, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Another co-defendant, John J. McCarthy, was convicted on one misapplication count and the conspiracy charge.

C. For a period of 5 years on each of Counts 13, 27, 16, 36 and 35, and 2 years on Count 43, said terms of imprisonment to be concurrent with each other and consecutive to the sentences under A and B.

Execution of sentences under C and B is hereby suspended, and defendant is placed on probation for a period of 5 years to follow release from supervision under A.

Special condition of probation: defendant is to make restitution on a 'best efforts' basis up to a maximum of $34,495.14 to those persons suffering loss.

Appellant's Appendix at A 38.

According to the renumbered indictment and the district court's sentencing order, Count 1 is the conspiracy count, Counts 41 and 43 are the § 1014 counts, and the remaining Counts charge violations of § 656.[2] Summarized, the aggregate fifteen year sentence as it pertained to all counts, other than the two § 1014 counts, required that Fredenburgh serve five years in prison followed by a ten year suspended sentence. As to the two § 1014 counts, Fredenburgh was to serve a two year suspended sentence on Count 41 followed by a two year suspended sentence on Count 43. The sentences imposed on those counts were concurrent with the aggregate fifteen year sentence imposed on the other counts.

Following his conviction and sentence, Fredenburgh, along with his co-defendants, took a direct appeal to this court. Finding error in the district court's jury instructions, this court reversed the convictions of all of the defendants on the § 656 and conspiracy counts. *United States v. Gallagher,* 576 F.2d 1028 (3d Cir. 1978). In addition, this court held that there was insufficient evidence to support Gallagher's convictions on the counts charging him with violations of 18 U.S.C. § 1014. *Id.* at 1047. The court concluded, however, that there was sufficient evidence to sustain Fredenbrugh's convictions on the § 1014 counts, and it affirmed those convictions. *Id.* at 1047–49.

Even though Fredenburgh's convictions on the § 1014 counts were affirmed, this court remanded for resentencing on those counts. The need for resentencing was explained as follows:

The judgments of sentence imposed on the § 1014 convictions must be vacated and the cause remanded for resentencing on those counts because Fredenburgh was also found guilty and sentenced on the conspiracy count and the § 656 counts, a fact which must have been taken into consideration by the trial judge in sentencing on the § 1014 counts.

576 F.2d at 1028.

On remand, the district court judge resentenced Fredenburgh as follows:[3]

The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of two (2) years on each of Counts 41 and 43 to run consecutively. The execution of said sentence on Count 43 is hereby suspended and defendant is placed on probation for a period of five (5) years; said probation to commence following release from supervision on sentence imposed on Count 41.

Appellant's Appendix at A 39. It is from this sentence that Fredenburgh appeals.[4]

---

**2.** The original indictment, handed down on April 12, 1976, contained 44 counts. By order of the court of October 6, 1976, with the consent of the parties, the number was reduced to 20 counts with some new numeration. During trial, 4 additional counts were severed on motion of the government, thereby reducing the total number of counts to 16. *See United States v. Gallagher,* 576 F.2d 1028, 1031 n.1 (3d Cir. 1978).

**3.** In addition to resentencing Fredenburgh on the § 1014 counts, the district court judge dismissed the remaining counts of the indictment against Fredenburgh and his two co-defendants. The government has appealed from the order dismissing the indictment, and we have disposed of this appeal in *United States v. Gallagher,* 602 F.2d 1139 (3d Cir. 1979).

**4.** Following issuance of the resentencing order, the district court judge granted a temporary stay, directing Fredenburgh to this court for a permanent stay. Fredenburgh then filed a notice of appeal. He moved before this court for a permanent stay pending disposition of his

## II

Fredenburgh's claim on appeal is straightforward. When he was originally sentenced he received two-year *suspended* sentences to run consecutively on the two § 1014 counts. Upon remand, he was resentenced to a two year *custodial* sentence on one of the § 1014 counts and a two year suspended sentence on the other, the sentences again to run consecutively. Fredenburgh contends that his sentence has thus been increased—from an entirely suspended sentence to a custodial sentence. He claims that this increase in sentence contravenes the directive of this court in remanding for resentencing and violates his rights under the double jeopardy clause. We agree.

Various constitutional guarantees circumscribe the power of a court to enhance the sentence of a defendant who has once been tried and convicted. For example, the due process clause "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). In order to effectuate this guarantee, the Supreme Court in *Pearce* required that a judge imposing a harsher sentence following a retrial pursuant to a defendant's successful appeal must affirmatively set forth proper reasons justifying the enhanced punishment.[5]

A related problem arises when a defendant's appeal results in a reversal of his conviction on certain counts and an affirm-

ance of his conviction on other counts. The *Pearce* decision controls the trial judge's sentencing authority with respect to any new sentence imposed upon a conviction entered after a retrial on the reversed counts. With respect to the counts on which the conviction was affirmed, a district court judge on remand has no authority to increase the sentences imposed on those counts. Thus, in *Pugliese v. United States*, 353 F.2d 514 (1st Cir. 1965), the court held that a district court judge on remand lacked power to revoke the suspended sentences, and enter custodial sentences, on those counts which had been affirmed on appeal when the one count on which a custodial sentence had been imposed was reversed on appeal.[6] Judge Aldrich stated for the court of appeals:

> We have no doubt that the court would initially have imposed jail sentences on the [suspended sentence counts] had it not thought one jail sentence enough, and we are entirely willing to accept its view that less than one is not enough. The difficulty is that following affirmance of the judgments on these counts the district court lacked power to do what it sought to accomplish.

353 F.2d at 516. *See United States v. Benedetto*, 558 F.2d 171, 179 n.5 (3d Cir. 1977).

Even if the district court judge on remand did have the authority to vary those sentences which had been affirmed on appeal, see Fed.Rule Crim.Proc. 35, the judge would be prohibited by the double jeopardy clause from increasing those sentences. To this extent, at least, the constitution protects the expectations created in a defend-

---

appeal by this court. On September 7, 1978, this court denied Fredenburgh's motion for a permanent stay. Subsequently, a petition for bail pending appeal was filed with the Supreme Court, and on October 4, 1978, Justice Brennan signed an order granting the petition, thereby releasing Fredenburgh on bail.

5. The restrictions on resentencing imposed by *Pearce* are not generally applicable to jury sentencing, *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), or to sentencing following a trial *de novo* in jurisdic-

tions employing a two-tier system of trial courts, *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).

6. Rule 35 of the Federal Rules of Criminal Procedure authorizes the court to correct an illegal sentence at any time and to reduce a sentence under certain conditions. In *Pugliese*, however, the suspended sentences originally imposed by the district court were not illegal, and the district court did not reduce, but rather increased, the defendant's sentence on remand.

ant when he is properly convicted and sentenced. As this court stated in *United States v. Welty*, 426 F.2d 615 (3d Cir. 1970),

> Added punishment under a valid sentence simply because the defendant has successfully shown the invalidity of the sentence under another count is a plain violation of the constitutional protection. It may not be justified because the sentencing judge would have imposed the higher penalty if he had been aware of the invalidity of the sentence imposed on the other counts.

426 F.2d at 619. *See United States v. Frady*, No. 79–1284 (D.C.Cir. filed June 8, 1979); *Government of the Virgin Islands v. Henry*, 533 F.2d 876, 879 (3d Cir. 1976).

 When the court of appeals vacates the sentences imposed on convictions which it affirms and remands to the district court for resentencing, the district court judge is of course empowered to impose a new sentence on the defendant pursuant to the directive of the court of appeals. Since there is generally no appellate review of sentences properly imposed, *see e.g., United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931); *Government of the Virgin Islands v. Richardson*, 498 F.2d 892 (3d Cir. 1974), there are really only two circumstances in which a court of appeals will vacate a sentence imposed on a count where the conviction on that count is affirmed on appeal. First, it will do so when, although the judgment of conviction is proper, the judgment of sentence is for some reason illegal. *See United States v. Gomez*, 593 F.2d 210 (3d Cir. 1979) (en banc); *United States v. Corson*, 449 F.2d 544 (3d Cir. 1971) (en banc). Second, the sentence may be vacated, even though the conviction on that count is valid and the sentence is within the scope of the sentencing judge's authority, if the court of appeals perceives that the sentence was influenced by other error committed during the trial. *See United States v. West*, 511 F.2d 1083, 1087 (3d Cir. 1975).

Here too, as in the circumstances previously described, when the case is remanded for resentencing, the district court judge is prohibited by the double jeopardy clause from imposing a harsher sentence than that imposed initially. *See Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874); *United States v. Welty*, 426 F.2d 615 (3d Cir. 1970). Perhaps the best explanation for this rule is that a defendant's initial expectations as to the maximum sentence he must serve on a valid judgment of conviction should not be defeated by increasing his sentence after it has been determined that he was sentenced illegally or that other trial error may have tainted his sentence.

In this case, Fredenburgh's convictions on the § 1014 counts were previously affirmed by this court on appeal. *United States v. Gallagher*, 576 F.2d 1028 (3d Cir. 1978). However, the court vacated the sentences imposed on those counts, even though the sentences were otherwise proper, because it believed that the § 1014 sentences may have been tainted by the sentencing court's consideration of the counts on which Fredenburgh was convicted, but which were later reversed on appeal. *Id.* at 1049 n.17. By citing *United States v. West*, 511 F.2d 1083 (3d Cir. 1975), as part of its directive concerning resentencing, this court indicated that the district court might wish to subject Fredenburgh to less severe sentences on the § 1014 counts in light of the reversal of the convictions on the remaining counts. We did not intend to direct that Fredenburgh be subject to a harsher sentence on remand. Indeed, we could not constitutionally have so directed. *See United States v. Welty, supra.*

There can be no dispute that the two year custodial sentence and consecutive two year suspended sentence entered on Fredenburgh's conviction on the § 1014 counts when this case was remanded to the district court are more severe than the two consecutive two year suspended sentences originally imposed on those counts. By increasing Fredenburgh's punishment on resentencing,

the district court departed from the resentencing directive we issued in *Gallagher I*. In doing so, the district court judge also resentenced Fredenburgh in a way which violates the double jeopardy clause.[7] For these reasons, we will vacate the sentences imposed by the district court on resentencing, and will remand again for resentencing.

### III

The judgment of sentence imposed by the district court will be vacated. The case will be remanded for resentencing. Because Fredenburgh will undoubtedly be retried on related counts in accordance with our disposition of the appeal in *United States v. Gallagher*, 602 F.2d 1139 (3d Cir. 1979), we leave to the discretion of the district court whether Fredenburgh should be resentenced at this time or after trial of the related counts. In any event, any sentence imposed by the district court on Fredenburgh's conviction on the § 1014 counts may not exceed the two consecutive two year suspended sentences initially imposed on those counts.

---

**7.** The government argues that if the original sentence imposed on Fredenburgh is treated as a general sentence covering all counts on which Fredenburgh was convicted at trial, the sentence imposed by the district court on remand is not invalid since it is shorter in duration and period of custody than the original sentence. *Cf. United States v. Corson*, 449 F.2d 544 (3d Cir. 1971) (en banc) (remand for imposition of general sentence on related counts not to exceed the maximum sentence previously imposed on any single count). This argument must fail, however, because it is apparent that the district court did not impose a general sentence on Fredenburgh, but rather imposed specific terms of sentence with respect to each count on which Fredenburgh was convicted.