UNITED STATES of America,

v.

**Michael M. BUSIC, Appellant.**

UNITED STATES of America,

v.

**Anthony LaROCCA, Appellant.**

**Nos. 77–1375, 77–1376.**

United States Court of Appeals,
Third Circuit.

Submitted on Briefs after Remand from the Supreme Court of the U. S. Oct. 22, 1980.

Decided Jan. 20, 1981.

As Amended Feb. 3 and April 30, 1981.

Samuel J. Reich, Jay H. Spiegel, Pittsburgh, Pa., for Michael M. Busic.

Michael A. Litman, Pittsburgh, Pa., for Anthony LaRocca.

Robert J. Cindrich, U. S. Atty., Paul J. Brysh, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ROSENN and VAN DUSEN, Circuit Judges, and STERN, District Judge.*

## OPINION OF THE COURT

ROSENN, Circuit Judge.

When this appeal first came to this court for review, *United States v. Busic*, 587 F.2d 577 (3d Cir. 1978), we considered the question of whether a court could validly impose consecutive sentences upon defendant La-Rocca for the crime of assault with a dangerous weapon, 18 U.S.C. § 111, and for the crime of use of a firearm to commit that felony, 18 U.S.C. § 924(c)(1), when the dangerous weapon used in the assault is a firearm. We concluded that such sentenc-

* Honorable Herbert J. Stern, United States District Judge for the District of New Jersey, sitting by designation.

ing violated the Double Jeopardy Clause and we remanded *United States v. LaRocca*, No. 77–1376, to the district court for resentencing under either section 111 or section 924(c) at the Government's election. 587 F.2d at 587. Because the other joint defendant, Busic, was prosecuted under the *carrying* provisions of section 924(c)(1) and not under the *use* provision of that section, we held that no like infirmity invalidated his sentence. Thus, we concluded that the imposition of consecutive sentences on Busic under section 111 and section 924(c)(2) was permissible. *Id.*

In light of the subsequent decision of the Supreme Court in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), we granted the Government's petition for rehearing and vacated our double jeopardy holding with respect to LaRocca on the ground that there was no reason to reach the constitutional question. 587 F.2d 577, 587–89 (3d Cir. 1978). In *Simpson* the Court reviewed sentences under section 924(c) in conjunction with sentences imposed for bank robberies with the use of firearms in violation of 18 U.S.C. § 2113(a) and (d) and held that in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both section 2113(d) and section 924(c). We thereafter reached a nearly identical conclusion as a matter of statutory construction that LaRocca's sentence could not be augmented under both section 111 and section 924(c) but that he could be sentenced under either at the Government's election. We did not alter our holding as to Busic.

The defendants thereupon successfully petitioned the Supreme Court of the United States for writs of certiorari to this court. 442 U.S. 916, 99 S.Ct. 2835, 61 L.Ed.2d 282 (1979). The Supreme Court reversed in both cases and remanded to this court for proceedings consistent with its opinion. In the proceedings before the Supreme Court, the Government urged that should the Court find section 924(c) to be inapplicable to the defendants, it should not only vacate the section 924(c) sentences but also those imposed by the district court under section 111. This, the Government asserted, would permit the district court to resentence the defendants under the enhancement provision of section 111 and thus carry out its initial intention to deal severely with the armed assaults now knowing that it had impermissibly relied on the enhancement provisions of section 924(c). Because this court had not considered this contention, the Supreme Court expressed no opinion as to whether in the particular circumstances of this case such a disposition would be permissible. *Busic v. United States*, 446 U.S. 398, 412 n. 19, 100 S.Ct. 1747, 1756 n. 19, 64 L.Ed.2d 381 (1980). We believe it is permissible and we vacate each of the sentences and remand to the district court for sentencing under section 111 and for dismissal of the counts under section 924(c).

## I.

Because the facts are fully and clearly set forth in this court's initial opinion, *United States v. Busic*, 587 F.2d 577 (3d Cir. 1978), we merely recapitulate them in the language of the Supreme Court.

[Defendants] Anthony LaRocca, Jr. and Michael Busic were tried together on a multicount indictment charging drug, firearms and assault offenses flowing from a narcotics conspiracy and an attempt to rob an undercover agent. The evidence showed that in May 1976 the two arranged a drug buy with an agent of the Drug Enforcement Administration who was to supply $30,000 in cash. When the agent arrived with the money, LaRocca attempted to rob him at gunpoint. The agent signalled for reinforcements, and as other officers began to close in LaRocca fired several shots at them. No one was hit and the agents succeeded in disarming and arresting LaRocca. Busic was also arrested and the officers seized a gun he was carrying in his belt but had not drawn. Additional weapons were found in the pair's automobile.

A jury in the United States District Court for the Western District of Pennsylvania convicted [defendants] of narcotics and possession of firearms counts, and

of two counts of armed assault on federal officers in violation of 18 U.S.C. § 111—LaRocca as the actual triggerman and Busic as an aider and abettor, and thus derivatively a principal under 18 U.S.C. § 2. In addition, LaRocca was convicted of using a firearm in the commission of a federal felony in violation of 18 U.S.C. § 924(c)(1), and Busic was convicted of carrying a firearm in the commission of a federal felony in violation of 18 U.S.C. § 924(c)(2). Each [defendant] was sentenced to a total of 30 years, of which five resulted from concurrent sentences on the narcotics charges, five were a product of concurrent terms on the firearms and assault charges, and 20 were imposed for the § 924(c) violations.

*Busic v. United States*, 446 U.S. 398, 399, 100 S.Ct. 1747, 1749, 64 L.Ed.2d 381 (1980) (footnotes omitted).

The issue before us now, as briefed by the parties, is whether in light of *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and the standards for sentencing enunciated by the Court in *Busic v. United States*, 446 U.S. 398, 412 n. 19, 100 S.Ct. 1749, 1756 n. 19, 64 L.Ed.2d 381 (1980), we may not only vacate the sentences imposed in this proceeding under section 924(c), but also those imposed by the district court under section 111 and remand the section 111 convictions to the district court for sentencing *de novo*.

The defendants[1] argue that at no time have they challenged the validity of the section 111 convictions or have they or the Government challenged the sentences imposed under section 111. Further, they maintain that the sentencing court cannot *correct* the section 111 sentences under Rule 35 because the sentences were not illegal and it cannot *modify* them because more days than the 120 allowed by Rule 35 have passed. They also contend that because the maximum permissible sentence under section 111 for an assault on a federal officer without a weapon is three years, the additional two years of their five year sentences must be enhancements for the use of weapons, precluding further enhancement.[2] Defendants argue that every federal court of appeals, including this one, has rejected on grounds of double jeopardy the position advanced by the Government that defendants be resentenced for a term in excess of the initial sentence.[3] Moreover, Busic contends

---

1. Both defendants have jointly filed a pro se brief and counsel for Busic has separately filed a supplemental brief. We treat the arguments in both briefs as made in behalf of both defendants.

2. Each defendant was convicted of two counts of violations of section 111 and each received *concurrent* five-year sentences on each of the two counts. They are correct that imposition of a five-year sentence on a single count would be legal only if use of a deadly weapon was proved. *See* 18 U.S.C. § 111 (1976). But had they received *consecutive* sentences on the two counts, each could have received sentences totalling six years, even if use of a deadly weapon was not proved. *Id.*

3. The cases in this circuit cited by *Busic* are *United States v. Fredenburgh*, 602 F.2d 1143 (3d Cir. 1979); *United States v. Benedetto*, 558 F.2d 171 (3d Cir. 1977); *Government of Virgin Islands v. Henry*, 533 F.2d 876 (3d Cir. 1976); *United States v. Corson*, 449 F.2d 544 (3d Cir. 1971) (en banc); *United States v. Welty*, 426 F.2d 615 (3d Cir. 1970).

Cases from other circuits cited by *Busic* are, in order of circuit, *United States v. Frady*, 607 F.2d 383 (D.C.Cir.1979); *Borum v. United States*, 409 F.2d 433 (D.C.Cir. 1967), *cert. denied*, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969); *United States v. Bynoe*, 562 F.2d 126 (1st Cir. 1977); *United States v. Sacco*, 367 F.2d 368 (2d Cir. 1966); *Whaley v. North Carolina*, 379 F.2d 221 (4th Cir. 1967); *Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972); *United States v. Adams*, 362 F.2d 210 (6th Cir. 1966); *United States v. Turner*, 518 F.2d 14 (7th Cir. 1975); *United States v. Durbin*, 542 F.2d 486 (8th Cir. 1976); *United States v. Edick*, 603 F.2d 772 (9th Cir. 1979); *United States v. Best*, 571 F.2d 484 (9th Cir. 1978); *Kennedy v. United States*, 330 F.2d 26 (9th Cir. 1964); *Owensby v. United States*, 385 F.2d 58 (10th Cir. 1967).

The holdings in these cases may be subject to reexamination following the Supreme Court's recent decision in *United States v. DiFrancesco*, —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The Court reversed the decision of the Second Circuit, which had struck down a federal statute that permits the Government under certain conditions to appeal sentences imposed on "dangerous special offenders." 18 U.S.C. § 3575 (1976). In so doing the Court held that the appeal provision of that statute, allowing the Government to seek more severe sentences,

that the Government's failure to cross-appeal or cross-petition for a writ of certiorari in this case procedurally bars it from even raising the question of resentencing.

On the other hand, the Government argues that the district court could have sentenced each defendant to 10 years imprisonment on each of the assault counts (counts six and seven) because of their use of a deadly weapon. Instead, the court sentenced them to five years imprisonment concurrent on each count under section 111 and 20 years imprisonment under section 924(c) (counts eighteen and nineteen respectively) because of the use of firearms. If the sentences under section 924(c) are vacated, the Government's argument continues, the defendants will have had their sentences for the armed assaults on federal officers reduced from 25 years imprisonment to five years because of the intervening decision of the Court in *Simpson v. United States, supra.* In support of this contention the Government presents a two-fold argument. First, it urges that contrary to existing case law, this court should hold that when a defendant's punishment on one or more counts arising out of the same criminal conduct is vacated, the defendant may be resentenced on the other related counts. Second, the Government maintains that the sentences imposed under counts 6 and 7 may be increased because defendants had in fact not yet begun to serve them.

## II.

Although the principle underlying the Double Jeopardy Clause [4] has ancient roots, its constitutional basis appears to be predicated upon the three common law pleas of *autrefois acquit, autrefois convict,* and pardon. *United States v. Scott,* 437 U.S. 82, 87, 98 S.Ct. 2187, 2191, 57 L.Ed.2d 65 (1977). The reason underlying the prohibition against double jeopardy in the Anglo-American system of jurisprudence is set forth by the Supreme Court to be that

the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–224, 2 L.Ed.2d 199 (1957), *quoted with approval* in *United States v. Scott,* 437 U.S. 82, 87, 98 S.Ct. 2187, 2191, 57 L.Ed.2d 65 (1977). The Court identified "three separate constitutional protections" afforded by the guarantee against double jeopardy:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2073, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).

The Supreme Court has consistently treated acquittals on the facts of the case differently from sentencing for double jeopardy purposes. *See United States v. DiFrancesco,* —— U.S. ——, ——, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980). Commencing with *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), and *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904), it has unequivocally held that the Double Jeopardy Clause precludes a second trial following acquittal on the facts. The Court described as perhaps most fundamental in the history of double jeopardy jurisprudence the rule that a verdict determining the innocence of the defendant will not be reviewed, on error or

did not violate the Double Jeopardy Clause. For an analysis of the issues presented in *DiFrancesco,* see Westen, *The Three Faces of Double Jeopardy: Reflections on Government Appeals of Criminal Sentences,* 78 Mich.L.Rev. 1001 (1980).

4. The Double Jeopardy Clause of the fifth amendment to the United States Constitution provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

otherwise, without putting a defendant twice in jeopardy. *United States v. Scott*, 437 U.S. 82, 90, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1977); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). The Court has made it clear that this absolute rule applied even where "the acquittal was based upon an egregiously erroneous foundation." *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962); *see Sanabria v. United States*, 437 U.S. 54, 68–69, 98 S.Ct. 2170, 2180–2181, 57 L.Ed.2d 43 (1977). It has been justified on the basis that a "second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so even though innocent he may be found guilty." *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1977). Further, were the rule otherwise, when the acquittal is by a jury, a reversal of the verdict would constitute an invasion of the jury's function. *See* Westen, *supra* note 3, at 1063.

The terms of the Double Jeopardy Clause, however, are not self-defining and the Supreme Court has never applied them absolutely when a first trial did not end in an acquittal on the facts. *See United States v. DiFrancesco*, —— U.S. at ——, 101 S.Ct. at 433. The Court has not construed a second trial following a reversal of a conviction on appeal as violating the Double Jeopardy Clause, even though the second trial would subject the defendant to expense, the ordeal of "a continuing state of anxiety and insecurity," and would enhance the risk that he may be found guilty. Thus, in *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964), the Court held that the retrial of a defendant whose conviction was set aside on collateral attack for prejudicial error in the proceedings was not barred for double jeopardy. In so holding, the Court observed that the principle

that the double jeopardy provision of the fifth amendment does not bar the retrial of a defendant whose conviction is set aside because of error in the proceedings leading to his conviction "is a well-established part of our constitutional jurisprudence." *Id.* at 465, 84 S.Ct. at 1589. In *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the district court had dismissed the indictment after the jury had returned a guilty verdict. The court of appeals dismissed the Government's appeal on the ground that the Double Jeopardy Clause barred review of the district court's ruling. In reversing the court of appeals and reinstating the verdict, the Supreme Court observed that

> [a]lthough review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law *when that error could be corrected without subjecting him to a second trial before a second trier of fact.*

*Id.* at 345, 95 S.Ct. at 1023 (emphasis added) (footnote omitted).

In mistrial cases, the Court has also followed a similar rationale. As early as *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), the Supreme Court has held that a discharge of a "hung jury" without the consent of the defendant did not bar a subsequent trial for the same offense. Whenever proper reasons are ascribed for a mistrial, the courts have held that the Double Jeopardy Clause does not preclude a second trial, "even though such a trial would implicate many of the interests safeguarded by the Double Jeopardy Clause." Stern, *Government Appeals of Sentences: A Constitutional Response to Arbitrary and Unreasonable Sentences*, 18 Am.Crim.L.Rev. 51, 57 (1980) (hereinafter cited as *Government Appeals of Sentences*).[5]

---

**5.** Of course, if the mistrial is caused by a calculated attempt to abort the trial because of the lack of evidence or to harass the defendant, the Double Jeopardy Clause will bar retrial. *See*

*United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976) (the "Double Jeopardy Clause does protect a de-

Also, by contrast with the Court's consistent treatment under double jeopardy jurisprudence of verdicts of acquittal as a bar to a subsequent trial for the same offense, the Supreme Court has held that a final sentence entered by the trial court does not bar an increase in sentence following a retrial for the same offense. *Stroud v. United States*, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919). In *Stroud*, the Court rejected Stroud's double jeopardy challenge to the increase in the penalty from life imprisonment in his second trial to execution following his third trial, emphasizing that in each of his three trials the defendant had been convicted of the first degree murder offense charged in the indictment.[6]

This court has also had occasion to consider the increase of a sentence previously imposed. In *United States v. Bozza*, 155 F.2d 592 (3d Cir. 1946), the trial judge imposed a prison sentence only to discover later in the day that the statute also imposed a mandatory fine. He therefore recalled the prisoner, who was at a local federal detention jail awaiting transportation to the penitentiary where he was finally to be confined, and augmented the prison sentence with a fine. On appeal, we acknowledged that a judge is powerless to increase a validly imposed sentence after the prisoner has begun to serve it. However, we permitted the increase in *Bozza* because the sentence initially imposed varied from the statutory requirements and was therefore void. As such, it could be superseded by a new sentence in conformance with the statute, even though it entails greater punishment and "occurs after sentence has been partially served after the term of court has expired." *Id.* at 595 (citations omitted). On appeal, the Supreme Court approved this disposition, rejecting the doctrine that a guilty prisoner is to escape punishment because the court committed an error in passing sentence. *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947). The correction of the sentence, even though it increased the punishment, "did not twice put [the defendant] in jeopardy for the same offense." *Id.* at 167, 67 S.Ct. at 649.[7] This is consistent with decisions of the federal courts which have uniformly held that correction of an illegal sentence by resentencing does not implicate

fendant against governmental actions intended to provoke mistrial requests").

**6.** The Supreme Court's view that sentencing determinations are not to be treated with the same finality as acquittals previously had been decided in *Trono v. United States*, 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292 (1905), *Flemister v. United States*, 207 U.S. 372, 28 S.Ct. 129, 52 L.Ed. 252 (1907), and *Ocampo v. United States*, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231 (1914). In *Trono* the Court reasoned that when the defendant appeals a reversal of the trial court's judgment, he does by his own act and consent set it aside and "the judgment is held as though it had never been." 199 U.S. at 532, 26 S.Ct. at 123. The Court rejected the view that the defendant has the right to limit his waiver as to jeopardy when he appeals. *Id.* at 533, 26 S.Ct. at 124. *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), rejected the theory employed by the Court in *Trono* that a defendant's appeal of his conviction waived his double jeopardy rights and held that on retrial the defendant could not be tried for murder in the first degree when the jury at the first trial found him guilty of murder in the second degree and was silent on the first degree charge. "The Court's decision in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d

199, is of no applicability to the present problem. The *Green* decision was based upon the double jeopardy provision's guarantee against retrial for an offense of which the defendant was *acquitted*." *North Carolina v. Pearce*, 395 U.S. 711, 720 n.16, 89 S.Ct. 2072, 2078 n.16, 23 L.Ed.2d 656 (1969) (emphasis original).

**7.** The Court distinguished *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874), on the ground that in *Lange* the defendant had been sentenced to fine and imprisonment for violation of a statute which authorized a sentence only of fine *or* imprisonment. Because the defendant had paid the fine and therefore suffered punishment under a valid sentence, the Court held that his sentence had been "executed by full satisfaction of one of the alternative penalties of the law." Therefore, the Court sustained Lange's plea that the new sentence imposed double punishment. It also is not clear why the Court predicated its decision on double jeopardy grounds when the same result was compelled by the statute under which the defendant was convicted. In *Bozza*, however, the Court concluded that the defendant did not suffer any lawful punishment until the Court had announced the full mandatory sentence of imprisonment *and* fine. 330 U.S. at 167 n.2, 67 S.Ct. 649 n.2.

double jeopardy rights. *See United States v. Denson,* 603 F.2d 1143, 1148 (5th Cir. 1979) (en banc).

In *Bozza,* the sentence was invalid on its face; in the instant case, the sentence was invalid as applied. Otherwise, there is no double jeopardy difference between the two cases. The Government here does not seek imposition of multiple punishments for the same offense but only remand to the district court for resentencing on the section 111 counts subject to (1) the maximum penalties prescribed by Congress in that statute, and (2) the restriction that the new sentence for the armed assault offenses not exceed the original aggregate sentence imposed for those offenses.[8] The Government does not seek to couple a new and complete sentence to the sentence initially imposed by the district court. It merely seeks a single, authorized sentence to replace the sentence held by the Supreme Court to be invalid. The new sentence will be based on the record as initially compiled by the sentencing judge without any new evidence or remand for further fact finding.

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Court, *inter alia,* considered the question of whether constitutional limitations restrict the imposition of a more severe sentence after reconviction. It stated unequivocally that since *Stroud v. United States, supra,* it has been settled that the power to retry a defendant is the power, upon his reconviction, to impose whatever sentence may be legally authorized, "whether or not it is greater than the sentence imposed after the first conviction." *Id.* at 720, 89 S.Ct. at 2078. The rationale for this well-established doctrine, despite its various articulations, "rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *Id.* at 721, 89 S.Ct. at 2078. The Double Jeopardy Clause, therefore, does not impose an absolute bar to a more severe sentence upon reconviction.[9]

In the case at bar the defendants contend that they did not appeal their section 111 convictions and the sentences imposed, and the Government did not cross-appeal. However, it is evident that the district court structured its sentence on the erroneous assumption that punishment for the defendants' conduct could be distributed under both section 111 and section 924(c). In fact, the court imposed the heaviest punishment under section 924(c). When the defendants successfully appealed their convictions under section 924(c) and obtained reversals, the court's sentencing plan, based on the aggregate conviction for the criminal assault on the federal officers with firearms, was thwarted. In such a case, where the sentences were interdependent, we believe an appellate court, vacating one of those sentences, can vacate the other sentence even if its imposition is not specifically raised on appeal.[10] There is nothing in the history or the policies of the Double

---

**8.** Defendants argue that *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), prohibits such remand. The Government's contention here, however, does not turn on "the subjective intent of the sentencing judge," *id.* at 187, 99 S.Ct. at 2241, or on the judge's "expectations with respect to the actual release of a sentenced defendant short of his statutory term," *id.* at 190, 99 S.Ct. at 2242. Rather, the Government's position in this case depends solely on the objective fact that the trial judge sentenced defendants to 25 years imprisonment for their armed assaults on federal officers.

**9.** The Court in *North Carolina v. Pearce, supra,* noted that the imposition of a heavier sentence upon reconviction for the explicit purpose of punishing the defendant because he successful-

ly had his original conviction set aside would be a flagrant violation of the fourteenth amendment. 395 U.S. at 723–24, 89 S.Ct. at 2079–2080.

**10.** We note that in this case the question of vacation of sentences was argued before the Supreme Court. *See Busic v. United States,* 446 U.S. at 412 n.19, 100 S.Ct. at 1756 n.19. Further, we believe it is unreasonable to expect the Government in every appeal to ask appellate courts to vacate sentences on the off chance that related sentences will be voided. When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan. We reject the argument that vacation of the section 111 sentences is barred procedurally.

Jeopardy Clause that justifies the denial of resentencing when the sentence has been spread erroneously over counts that have been declared invalid. On the other hand, resentencing under such circumstances should reduce the possibility of disparate and irrational sentencing.

### III.

The Double Jeopardy Clause appears to have been drafted with common law jeopardy principles in mind. *See United States v. Wilson*, 420 U.S. 332, 341–42, 95 S.Ct. 1013, 1020–1021, 43 L.Ed.2d 232 (1975); *Green v. United States*, 355 U.S. 184, 200–01, 78 S.Ct. 221, 230–231, 2 L.Ed.2d 199 (1957) (Frankfurter, J., dissenting). Nothing in the history or policy of the clause suggests that its purposes included protecting the finality of a sentence and thereby barring resentencing to correct a sentence entered illegally or erroneously. The settled practice in most federal courts over the years has permitted resentencing and the imposition of a harsher sentence if the defendant had not yet commenced serving his sentence.[11] *United States v. Davidson*, 597 F.2d 230, 232–33 (10th Cir.), *cert. denied*, 444 U.S. 861, 100 S.Ct. 127, 62 L.Ed.2d 83 (1979) (Concurrent sentences on several counts were imposed without indication whether they were to be served concurrently or consecutively to a sentence the prisoner was then serving. Prisoner returned to court later the same day and was informed that the sentences previously imposed that morning were to be served consecutively to the sentence he was then serving.); *United States v. DiLorenzo*, 429 F.2d 216, 221 (2d Cir. 1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1609, 29 L.Ed.2d 120 (1971) (Trial judge had the power to recall defendant several hours later to impose a corrected sentence which judge clearly intended to impose originally.); *Williams v. United States*, 422 F.2d 1318 (5th Cir. 1970) (Defendant, originally sentenced to concurrent terms of four years each on two counts, who had not yet commenced service of sentence may be recalled for imposition of consecutive sentences.); *Vincent v. United States*, 337 F.2d 891, 894 (8th Cir. 1964), *cert. denied*, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965) (Court had the power to resentence the defendant increasing the severity of the sentence so long as it was done prior to commencement of service.); *United States v. Byars*, 290 F.2d 515, 516 (6th Cir.), *cert. denied*, 368 U.S. 905, 82 S.Ct. 185, 7 L.Ed.2d 99 (1961) (Where service of sentence had not begun, "the district judge had the power to resentence the defendant increasing its severity."); *Acme Poultry Corp. v. United States*, 146 F.2d 738, 739 (4th Cir. 1944), *cert. denied*, 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417 (1945) (Where no part of fine paid nor service of sentence commenced, there is no basis for saying that "[defendant] is subjected to double punishment because the sentence is increased . . . during the term."). In contrast to acquittals, the practice, at least in most of the federal courts, has never protected any defendant who has had what appeared to be a final sentence imposed upon him from the possibility of having that sentence later increased.

Since our decision in *United States v. Bozza, supra*, this court, however, has had before it a number of cases which have held that an increase in the severity of punishment upon resentencing offended the Double Jeopardy Clause. In *United States v. Fredenburgh*, 602 F.2d 1143 (3d Cir. 1979), the defendant had been convicted on 13 counts charging misapplication of bank funds, a conspiracy count, and two counts charging the making of false statements in

---

11. There is no double jeopardy objection to altering the sentence even after service of a sentence has begun. Those courts who believed that commencement of the service of the sentence restricted the trial court's power to correct or amend a sentence have relied on a dictum in *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1930), that a sentence may not be amended to increase the punishment because it subjects the defendant to double punishment for the same offense. *Id.* at 307, 51 S.Ct. at 114. The Court in *Benz*, however, erroneously predicated its dictum on *Ex Parte Lange*, 85 U.S. 163, 21 L.Ed. 872 (1874), which involved a *full satisfaction* of the defendant's sentence, not merely a commencement of the service of his sentence.

bank loan applications and sentenced on all counts. On appeal, the convictions on all counts except those for making false statements on bank loan applications were reversed. Although the judgments on the false statement counts were affirmed, the sentences were vacated because of the possibility they were tainted by the sentencing court's consideration of the other counts on which the defendant was convicted. Accordingly, the case was remanded for sentencing on all counts. *United States v. Gallagher*, 576 F.2d 1028 (3d Cir. 1978) (*Gallagher I*). On remand, the defendant, originally sentenced to consecutive two year suspended sentences on each of the false statement counts (counts 41 and 43), was resentenced to a two year custodial sentence on one count and a two year suspended sentence on the other, the sentences to run consecutively. Fredenburgh again appealed contending that the punishment imposed on resentencing violated *inter alia* his rights under the Double Jeopardy Clause.

We concluded that the sentences imposed after remand contravened our direction in *Gallagher I* and violated Fredenburgh's rights under the Double Jeopardy Clause. Citing our earlier decision in *United States v. Welty*, 426 F.2d 615 (3d Cir. 1970), and the Supreme Court's decision in *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874), we held that when a case is remanded for resentencing, double jeopardy jurisprudence prohibits the trial judge from imposing a harsher sentence than that imposed initially. *United States v. Fredenburgh*, 602 F.2d at 1148. Furthermore, in *Welty* we specifically stated:

> Added punishment under a valid sentence simply because the defendant has successfully shown the invalidity of the sentence under another count is a plain violation of the constitutional protection. It may not be justified because the sentencing judge would have imposed the higher penalty if he had been aware of the invalidity of the sentence imposed on the other counts.

426 F.2d at 619. *Accord, Government of Virgin Islands v. Henry*, 533 F.2d 876, 879 (3d Cir. 1976).

An examination of *Fredenburgh* and the cases relied upon by it persuades us that they were influenced by the now discredited decisions in *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), and *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931). *Ex Parte Lange*, as we have already indicated, *see* note 6 *supra*, did not involve the alteration or increase of a sentence. There, the defendant had in fact fully satisfied his sentence when he paid the fine imposed. Because the statute under which he was sentenced only conferred power to punish by fine *or* imprisonment, the Court concluded that the court's power to punish further by imprisonment was gone. "To do so is to punish him *twice* for the same offense." 85 U.S. (18 Wall.) at 175.

*United States v. Benz, supra*, is also inapplicable to the case at bar. We improvidently relied on dictum in *Benz* that a sentence may not be amended to increase the term of punishment because it subjects the defendant to double punishment. *Benz*, however, involved the power of the district court which had imposed a sentence of imprisonment upon a defendant to amend the sentence by reducing the term of imprisonment, although the defendant had already commenced service of the sentence. The broad dictum of *Benz* is inexplicable and appears to be based upon a misreading of *Ex Parte Lange*. The dictum has since been rejected by the rationale of the Court in *Bozza v. United States, supra*.

> [T]he fact that the petitioner has been twice before the judge for sentencing and in a federal place of detention during the five hour interim cannot be said to constitute double jeopardy. . . . The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.

*Bozza v. United States*, 330 U.S. at 166–67, 67 S.Ct. at 648–649.

The very recent case of *United States v. DiFrancesco*, —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), lends support to our

conclusion that *Fredenburgh* and its predecessors decided by this court were based on a misunderstanding of the reach of the Double Jeopardy Clause. The Court, in upholding the federal statute that allows the Government to seek by appeal increases in the sentences imposed on "dangerous special offenders," 18 U.S.C. § 3575 (1976), developed an analysis of the double jeopardy issues similar to the analysis we present here. *See* —— U.S. at ——, ——, 101 S.Ct. at 433–437. On the question of multiple punishments, the Court recognized the limited nature of the holdings in *Ex Parte Lange* and *Benz*, as we have just observed. Moreover, *DiFrancesco*, in establishing that government appeals seeking increased sentences are proper, permits an alteration in punishment much greater than the alteration allowed here. First, under the statute sustained in *DiFrancesco* the Government by itself can file the appeal through which the sentence can be increased. In this case, had defendants not appealed their convictions, albeit convictions under the related enhancement statute, the section 111 sentences could not have been reviewed. Second, under the *DiFrancesco* statute, a defendant's total sentence may be increased. In contrast, even if resentenced to the maximum allowed under section 111, Busic and LaRocca will receive a total sentence less than the sentence they faced before their initial appeal. In sum, the double jeopardy "injury" that the defendants here claim they will receive if resentenced on their section 111 convictions is substantially less than the "injury" facing a defendant resentenced under the *DiFrancesco* statute. Yet the Court has held that the *DiFrancesco* statute, 18 U.S.C. § 3575, does not violate the Double Jeopardy Clause.

█ In the instant case, the defendants were convicted by a jury of serious offenses. In structuring the plan of sentencing, the trial judge did not impose the maximum sentence permitted by statute on the armed assault crimes committed by the defendants but chose to spread his sentence over each of the counts upon which defendants had been convicted, allocating the heavier period of imprisonment to the convictions under section 924(c)(2). Vacating all of the assault sentences as urged now by the Government in light of the Court's reversal of the convictions under section 924(c)(2) and permitting resentencing on the convictions which are affirmed does not offend the Double Jeopardy Clause of the Constitution because another trial is not required. No additional record needs to be made. Resentencing does not permit the prosecution a "second crack" at supplying evidence. As in *United States v. Wilson, supra*, it involves merely a correction caused by an error of law "without subjecting [the defendants] to a second trial before a second trier of fact." 420 U.S. at 345, 95 S.Ct. at 1023. Resentencing will be limited to the counts upon which the defendants were convicted and which have not been reversed. Unlike *Green*, the sentences imposed initially on these counts did not expressly or implicitly find the defendants innocent of any more serious offense under the statute. Defendants would only be resentenced on the same record for the very same offenses for which they had been convicted.

Upon resentencing, the district court would now be able to impose sentence knowing that section 924(c)(2) is not available to it for sentencing in this case. If it elects to augment the term of imprisonment on the armed assaults committed in violation of section 111, such increase would not constitute double punishment. The defendants are not twice punished for the same offense. "To hold otherwise would allow the guilty to escape punishment through a legal accident." *Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 485, 1 L.Ed.2d 393 (1957).

If the guarantee against double jeopardy "imposes no restriction upon the length of a sentence imposed upon reconviction," *North Carolina v. Pearce*, 395 U.S. at 719, 89 S.Ct. at 2077, we see no valid reason why the guarantee against double jeopardy precludes the district judge in this case from imposing a more severe sentence, if he elects to do so, on the counts under section 111 when the totality of the sentence for

the armed assaults is upset at their behest by their appeal of the counts under section 924(c)(2). Historically, the Supreme Court has applied the Double Jeopardy Clause only to bar a retrial of a defendant after he has been acquitted of an offense. If he has been convicted, the Court has applied the Double Jeopardy Clause only when the defendant has *satisfied* the punishment imposed. *Ex Parte Lange, supra.* The double jeopardy provision has not barred a second trial after a mistrial unless provoked by the Government, nor has it barred resentencing to correct an illegal sentence imposed.

We see no plausible reason why the double jeopardy provision should bar resentencing in the circumstances presented here. Such a sentence is not barred by the rule regarding acquittals after a jury verdict or the rule relating to double punishment. As in *Pearce, supra,* the defendants instituted the appellate proceedings which rendered the armed assault sentences impermissible and which gives rise to the need for resentencing. This is not a case in which the Government instituted action to augment the defendants' punishment; there is no "act of governmental oppression of the sort against which the double jeopardy clause was intended to protect." *United States v. Scott, supra,* 437 U.S. at 91, 98 S.Ct. at 2194. Furthermore, the composite sentences imposed under section 924(c) and section 111 derive from the same armed assaults on federal officers. On remand for resentencing, the defendants would not be subject to any greater sentence for the armed assaults than the 25 years imprisonment initially imposed (including credit for time already served, if any), *see North Carolina v. Pearce, supra,* 395 U.S. at 717–19, 89 S.Ct. at 2076–2077; they could suffer no multiple or even enhanced punishment for those offenses.[12]

The defendants argue, however, that where the Court has permitted resentencing, *Bozza v. United States, supra,* and *Murphy v. United States,* 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711 (1900), the sentences corrected, unlike the section 111 counts involved in this case, did not conform to the statute and were thus correctible. For double jeopardy purposes, however, the test is not whether the initial sentence conformed to statute, but whether the resentencing imposes punishment for an offense for which the defendant has already been punished. If the defendants have not twice been punished for the same offense, they have no basis to complain that they were put in double jeopardy.

> [T]here is no substantive basis for distinguishing on multiple punishment grounds between the increase in a valid sentence condemned in the *Benz* dictum and the increase of an invalid sentence upheld in *Bozza.* Since in both instances the punishment initially imposed has been increased, there is no meaningful punishment related difference between the two situations. Similarly, there is no difference in terms of "multiple punishment" between the increase of an existing sentence and the increase of an initial sentence through the imposition of a more severe sentence following retrial—a course held in *Pearce* to comport with the Double Jeopardy Clause.

Stern, *Government Appeal of Sentences,* 18 Am.Crim.L.Rev. at 74 (footnotes omitted). In this connection, the Government contends that the Double Jeopardy Clause does not bar a defendant from being resentenced on the outstanding counts if his conviction on the other counts is overturned on his appeal, provided the new sentence is within the maximum penalty authorized by statute

---

12. Because defendants' initial composite sentences would not be increased by their analysis on resentencing, the due process protections against vindictiveness alluded to in *North Carolina v. Pearce, supra,* are inapplicable here. Furthermore, because the appeal could not result in a higher sentence than that originally imposed, there could be no deterrent to an appeal. Even if there were, the possibility that a defendant might be deterred from the exercise of a legal right to appeal does not violate the due process clause, *see Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667–668, 54 L.Ed.2d 604 (1978), or the Double Jeopardy Clause, *see Chaffin v. Stynch Combe,* 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714 (1973).

for each count and does not exceed the aggregated sentence originally imposed for such criminal conduct.[13]

The Government finds support for this contention in the recent decision of the Fifth Circuit in *United States v. Hodges*, 628 F.2d 350 (5th Cir. 1980). In that case, too, the district court sentenced the defendant to imprisonment for violations under different statutes. The cumulative penalty exceeded by six months the maximum penalty allowable under either statute. The court of appeals thus had before it the question of whether the district court on remand must merely vacate one of the two sentences, or whether it may additionally resentence the defendant to the maximum five-year term prescribed for violation of 18 U.S.C. § 924(a). The court held that resentencing on remand to the maximum penalty authorized by law is permitted when the aggregate of the illegally imposed consecutive sentences equals or exceeds the maximum for which the court lawfully could have sentenced the defendant. In holding that resentencing did not subject the defendant to double jeopardy, the court noted that

> [t]he resentencing at issue here, ... which must necessarily do no more than reduce the punishment appellant would otherwise be subjected to, cannot be characterized in any meaningful sense as "multiple punishment." Rather, the whole thrust of our decision today is to require a single, lawful punishment for a single offense.

628 F.2d at 353 n. 3.

In the case at bar resentencing also will necessarily not exceed the punishment pre-viously meted out to defendants under the aggregate sentence. The 20-year sentences imposed under section 924(c) are reversed and must be vacated. If they are resentenced under the enhanced penalty provisions of 18 U.S.C. § 111, the maximum term of imprisonment may not exceed ten years on any count. The sentences imposed for the armed assault were anchored in section 924(c). That anchor has been uprooted in this case. As in the case of a defendant who has received an illegal sentence, there is no double jeopardy reason why the trial judge should not in these circumstances also have an opportunity to reconstruct his sentencing plan. Vacating the sentence and permitting resentencing is merely "an effort to cope with errors of the kind that will always occur, regardless how refined a procedural system may be. It is designed to serve a state interest that cannot be adequately served by any alternative means." Westen, *The Three Faces of Double Jeopardy, supra* note 2, at 1044.

Balancing the defendants' right to a sentence not in excess of that prescribed by law is the societal interest in punishing them when their guilt has been established after a fair trial. *See United States v. Tateo, supra*, 377 U.S. at 466, 84 S.Ct. at 1589; *United States v. Scott, supra*, 437 U.S. at 92, 98 S.Ct. at 2194. Inherent in this societal interest is the fundamental principle that a convicted felon should receive a sentence appropriate to the gravity of the offense and the character and propensities of the offender. In vacating the section 111 sentences and permitting resen-

---

**13.** The Government asserts that it is unrealistic to believe that the original sentence created any expectation in the defendants that they would not be imprisoned for more than five years on the section 111 counts. In the Government's view, it is the aggregate sentence imposed, not the component parts, that gives rise to the defendants' expectation of punishment. The Double Jeopardy Clause does not require that considerations other than a defendant's reasonable expectations be disregarded. There is a societal interest in the appropriate punishment of felons who commit crimes of violence. Furthermore, a defendant's expectations of the length of his sentence are no more worthy of protection than his expectations when a trial judge grants a post-verdict motion for dismissal of an indictment or for a judgment of acquittal, a situation in which, if the government is successful on appeal, the defendant's expectations are defeated. *See United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). Also, courts have never held that any defendant's expectations, raised by probation or parole, support double jeopardy claims upon a court's revocation of that probation or parole. *See, e. g., Sole v. Rundle*, 435 F.2d 721, 724 (3d Cir. 1971); Stern, *Government Appeals of Sentences*, 18 Am.Crim.L.Rev. at 76 n. 175.

tencing for the armed assaults, particularly in the absence of another trial, "we cannot say that the constitutional guarantee against double jeopardy of its own weight restricts the imposition of an otherwise lawful single punishment for the offense in question." *North Carolina v. Pearce, supra,* 395 U.S. 721 at 89 S.Ct. 2078.

We therefore hold that when a defendant has been convicted after trial and sentenced under a multi-count indictment and on appeal his conviction and sentence as to certain counts is set aside because such counts enhanced the sentence for the predicate felony which contained its own enhancement provision, the constitutional guarantee against double jeopardy does not preclude vacating the sentence on the predicate felony counts and the imposition of a new sentence by the trial judge on the remaining counts, which may be greater than, less than, or the same as the original sentence.[14]

Accordingly, the sentences imposed upon the defendants under section 924(c) and section 111 will be vacated. The case will be remanded to the district court for resentencing under section 111 on counts six and seven and for dismissal of counts eighteen and nineteen.

---

**14.** On the record before us, we need not express any opinion whether the new aggregate sentence may be greater than the original sentence.

To the extent that our decisions in *United States v. Fredenburgh, supra* 602 F.2d 1143; *Government of Virgin Islands v. Henry, supra,* 533 F.2d 876; *United States v. Corson, supra,* 449 F.2d 544; *United States v. Welty, supra,* 426 F.2d 615; may be inconsistent with this opinion, they are overruled.

Because this decision overrules prior precedents of this court, in accordance with our Internal Operating Procedures, Chapter VIII, C., we entered an order on December 2, 1980, directing that the case be considered en banc. In light of the subsequent decision of the Supreme Court in *United States v. DiFrancesco, supra,* providing a further basis for this opinion, we vacated the order directing en banc consideration.