## State of Vermont v. James A. Livi

[508 A.2d 715]

No. 84-416

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 14, 1986

*Ralph H. Sheppard*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard*, Bennington County Public Defender, Bennington, for Defendant-Appellant.

**Per Curiam.** Defendant was convicted of operating a motor vehicle with his license suspended (DLS) in violation of 23 V.S.A. § 674. He appeals on grounds that the State's prosecution was vindictive and denied him due process of law. We disagree and affirm.

The defendant was charged with DLS for offenses allegedly occurring on June 15, June 23 and July 7, 1983. He was stopped on September 15, 1983 for a similar offense, but not cited to appear in court. On November 17, 1983 he was tried and acquitted on the first three charges because the State could not show that the de-

fendant had ever had a driver's license, a requirement for conviction under *State* v. *Cady*, 136 Vt. 29, 30, 383 A.2d 607, 608 (1978). On December 27, 1983 the defendant was arraigned on the fourth charge of DLS, based on the events of September 15, 1983. At this trial the prosecution introduced evidence that the defendant had once possessed a Connecticut driver's license, and the court, sitting without a jury, found the defendant guilty.

■ Defendant's claim of vindictiveness is based on *North Carolina* v. *Pearce*, 395 U.S. 711 (1969), and *Blackledge* v. *Perry*, 417 U.S. 21 (1974). In *Pearce* the Supreme Court held that the imposition of a heavier sentence on a defendant who was retried after obtaining a new trial was a denial of due process. In *Blackledge* the Court held that substitution of a felony charge for a misdemeanor after a defendant sought a trial de novo also violates the due process rights of the defendant. The basis for the finding of vindictiveness in both cases was the same: a strong policy against punishing the exercise of a constitutional right—the right to seek reversal and obtain a new trial. *Blackledge, supra*, 417 U.S. at 25-26; *Pearce, supra*, 395 U.S. at 724; *United States* v. *Fredenburgh*, 602 F.2d 1143, 1147 (3d Cir. 1979); see also *State* v. *Baldwin*, 629 P.2d 222, 224-25 (Mont. 1981).

The principle that spares a defendant from having to choose between asserting his best defense and risking a longer sentence after retrial has no relevance to separate prosecutions for unrelated offenses. The second trial was not a retrial resulting from a successful defense, but rather a new case. The defendant enjoyed no reasonable expectation that if he prevailed on the first three charges he would have the subsequent charge dropped.

■ Having failed to prove all of the elements of an offense in the trial on the first three charges, the State was free to try the defendant on the additional charge based on the later-discovered evidence that the defendant possessed a driver's license. The defendant does not contend that the State was obligated to consolidate all of the offenses into a single, omnibus case, nor was it bound to do so. The defendant suffered no legal harm when the State in its second prosecution proved all of the elements required for a DLS conviction.

*Affirmed.*