**UNITED STATES of America**

v.

**BERKERY, John, Appellant.**

**No. 87–1637.**

United States Court of Appeals, Third Circuit.

Submitted June 17, 1988.

Resubmitted on Petition for Panel Rehearing July 14, 1989.

Decided Nov. 21, 1989.

John Berkery, Marianna, Fla., pro se.

Joel M. Friedman, Atty. in Charge, Louis R. Pichini, Asst. Atty. in Charge, U.S. Dept. of Justice, Edward S. G. Dennis, Jr., U.S. Atty., E.D. Pa., Philadelphia, Pa., Andrew Levchuk, Atty., Dept. of Justice, Washington, D.C., for appellee.

Before MANSMANN, SCIRICA and COWEN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this appeal we are faced with the effect of a change in the law of the entrapment defense wrought by the Supreme Court's decision in *Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), which held that a defendant does not have to admit all the elements of a crime in order to receive a jury instruction on entrapment. Because Berkery was required to admit to all elements of the conspiracy in order to receive the entrapment defense charge—an admission no longer necessary due to the rule in *Mathews*—we have determined that a new trial is required in order to ensure a fair and just result. Therefore, we will reverse the order of the district court denying a new trial and remand.[1]

## I.

In 1982 a federal grand jury issued a fifteen count indictment against John Berkery and two other individuals not party to this appeal which charged the following: Count 1, conspiracy to distribute and possess with intent to distribute P2P from October 1980 to 1982; counts 2–10, substantive counts of possession with intent to distribute P2P; counts 12–15, distribution of methamphetamine. Prior to his arraignment, Berkery fled the United States and remained a fugitive until June, 1987.

The evidence at trial included the testimony of a co-conspirator who had become a government informant some time in 1981, as well as testimony from law enforcement agents and tape recorded conversations involving Berkery. Berkery claimed an entrapment defense to count 1, and to count 15, because the date of the alleged activity of count 15 occurred after the co-conspirator became a government informant. In order to receive the entrapment defense charge to the jury, Berkery had to admit to all elements of counts 1 and 15 under the prevailing rule of this court. *See United States v. Hill*, 655 F.2d 512 (3d Cir.1981). Berkery was convicted of all counts. After his motion for a new trial was denied, Berkery filed this timely *pro se* appeal.

■ In February, 1988, while Berkery's appeal was under consideration, the United States Supreme Court decided *Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), which held that "even if the defendant denies one or more elements of the crime, he is entitled to an instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." 108 S.Ct. at 886. The government concedes that the instructions given in this case were contrary to *Mathews*. Because this case is before us on direct appeal we must apply the new rule enunciated by the Supreme Court. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past"). Thus, we review the record in light of *Mathews* to determine the effect of the entrapment charge.

■ We must review the allegation of error utilizing the plain error doctrine because the defendant did not make an objec-

---

1. This opinion, filed after the granting of a motion for panel rehearing by the government, supercedes the opinion found at 865 F.2d 587 (3rd Cir.1989). Although the result is the same, this opinion eliminates the reliance on the "beyond a reasonable doubt standard" of *Chapman*

*v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and follows the "plain error" standard of *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) and *United States v. Thame*, 846 F.2d 200 (3rd Cir.1988).

tion to the required admission of guilt thereby preserving it for appeal. We have long recognized that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b); *United States v. Gray*, 468 F.2d 257 (3d Cir.1972). When reviewing a criminal conviction, our concern is not whether guilt can be deduced from the record but rather, we must determine if guilt was found by the jury according to the procedural guidelines appropriate in federal courts. 468 F.2d at 263. In other words, we find plain error if it is the kind of error which affects the "fairness, integrity or public reputation of judicial proceedings" or results in a miscarriage of justice. *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985).

## II.

■ Berkery contends on appeal that the district judge committed plain error in requiring him to admit guilt to a fifteen month conspiracy in order to receive an entrapment defense charge to count 15, an offense which occurred after a co-conspirator had become a government informant.[2] Prior to *Mathews*, the rule in this circuit was that in order to ask for an entrapment charge the defendant had to admit all elements of the offense, including the *mens rea*. *See United States v. Hill*, 655 F.2d 512 (3d Cir.1981) *and United States v. El–Gawli*, 837 F.2d 142 (3d Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 55, 102 L.Ed.2d 34 (1988). The entrapment defense theorizes that an individual not otherwise predisposed to criminal conduct was corrupted by some inducement on the part of the law enforcement officer. Thus, the focus is on the intent or predisposition of the defen-

dant to commit the crime. To be entitled to an entrapment charge, a defendant must produce evidence to show that he was not otherwise predisposed to commit the crime and that the government initiated the crime. *United States v. Gambino*, 788 F.2d 938 (3d Cir.1986). The prosecution must prove predisposition to commit the crime beyond a reasonable doubt. Berkery contends that he had withdrawn from the conspiracy because of his suspicions of one co-conspirator.[3] It was through the inducements of this co-conspirator, who became a government informant, that Berkery alleges that he engaged in the activities of the charge in count 15. The district court concluded that Berkery was entitled to an entrapment defense charge as to count 15. Defense counsel also requested the same charge for count 1, the conspiracy charge. In order to receive the charge, Berkery had to admit to all elements of the conspiracy offense. The district court instructed the jury that Berkery admitted to the conspiracy charge which the indictment dates from October 1980 to January 13, 1982.

The decision in *Mathews* eliminated the need for a defendant to choose between denying the offense or relying on an affirmative defense of entrapment. So long as there is sufficient evidence from which a jury could reasonably find entrapment, the defendant is entitled to the instruction. The *Mathews* Court rejected the government's argument that inconsistent pleading would confuse the jury and noted that inconsistent pleading has been permitted in the civil context for some time. 108 S.Ct. at 887. Thus, under *Mathews*, Berkery would have been able to receive the entrapment defense instruction without admitting to all the elements of the conspiracy or count 15. Understandably, the district

---

**2.** Berkery raises several other issues on appeal:
  1) the district court erred in refusing to grant defendant's alternate charge on the defense of withdrawal;
  2) the conspiracy offense was flawed due to the inclusion of a government agent;
  3) the district court erred in failing to instruct the jury as to the government's burden of proving predisposition beyond reasonable doubt; and
  4) there were two conspiracies, not one.

Each of these issues will be mooted by a grant of a new trial and possibly may not arise in the new trial. As such, we decline to give what would amount to an advisory opinion.

**3.** It was due to this "withdrawal" that Berkery argues he was entitled to an alternate charge to the jury on the defense of withdrawal. Due to our decision in the case, we need not address this issue.

court could not have anticipated the Supreme Court's decision soon to come.

The jury was given the standard conspiracy charge which imputes equal culpability to all co-conspirators regardless of their level of participation when the district court properly charged the jury as to conspiracy as follows:

> You can become a member of a conspiracy without knowing all the details of the unlawful scheme or even without knowing the names or identities of all the other alleged conspirators. So that if one joins a conspiracy after it's formed, and even if you're engaged in it to the degree that's more limited or less culpable than other co-conspirators, ... you're equally culpable
>
> ....
>
> [I]t's not required that a person be a member of the conspiracy from its beginning; he can join it at any point during its progress and be held responsible for what's done so long as he remains a member of the conspiracy.

As such, the district court was following the law of conspiracy in this circuit. *See United States v. Gomberg*, 715 F.2d 843, 847 (3d Cir.1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 1440, 79 L.Ed.2d 760 (1984) ("The test for conspiracy is whether a defendant agreed to participate in an unlawful scheme, with knowledge of its 'essential nature'."). In light of that fact, we are faced with a dilemma. In essence, we must ask whether the requirement that Berkery admit to all elements of the conspiracy for purposes of the entrapment defense colored the jury's decision-making with regard to the conspiracy count and count 15 and also to the substantive counts of possession and distribution. We must examine two discrete issues: first, whether the conspiracy count and count 15 convictions must fall in the face of plain error, thus requiring a new trial; and second, if a new trial is granted for counts 1 and 15, must a new trial also be ordered on counts 2–14.

Unlike *Mathews*, where the entrapment charge was denied to the defendant, we are faced with a case where the charge was given. Thus, more is required of us than a review of the record to determine if there is sufficient evidence to support the proposed charge as we did in *United States v. Bay*, 852 F.2d 702 (3d Cir.1988). Because the entrapment defense instruction was not given in *Bay*, we reviewed the record to determine whether there was sufficient evidence from which the jury could have found entrapment. In addition, we considered whether Bay could have adduced sufficient evidence of entrapment had he been given the opportunity. We concluded that there was insufficient evidence to support giving the instruction to the jury and, therefore, the district court did not err in refusing to give the requested instruction. However, we could not decide from the record whether Bay could have produced evidence, so we remanded to the district court to conduct a hearing in order to determine what further evidence of entrapment Bay might have been able to produce. 852 F.2d at 704. *See also United States v. Rodriguez*, 858 F.2d 809 (1st Cir.1988), *and United States v. Johnson*, 855 F.2d 299 (6th Cir.1988) (requirement of entry level or threshold showing by defendant of lack of predisposition).

Because Berkery was required to admit all the elements of the conspiracy and of count 15 in order to receive the entrapment charge, we must determine whether the requirement was plain error such that it affected the fairness and integrity of the judicial proceedings. *Cf. Young*, 470 U.S. at 15, 105 S.Ct. at 1046. The plain error standard as enunciated in *Young*

> authorizes the Courts of Appeals to correct only particularly egregious errors, those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings. In other words, the plain-error exception to the contemporaneous-objection rule is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.

470 U.S. at 15, 105 S.Ct. at 1046.

However, in *United States v. Thame*, 846 F.2d 200 (3d Cir.1988) we noted that we have "not interpreted *Young* as establish-

ing a rigid test for plain error." *Thame,* 846 F.2d at 205. Rather, we look at several factors in order to avoid a manifest injustice. These factors include, but are not limited to, "the obviousness of the error, the significance of the interest protected by the rule that was violated, the seriousness of the error in the particular case, and the reputation of judicial proceedings if the error stands uncorrected." *Id.*

■ Utilizing the above factors, an analysis of the proceedings in Berkery reveals that the district court erred by requiring Berkery to admit to all elements of the conspiracy and count 15 in order to receive the entrapment defense charge. First, the error is obvious, albeit not the fault of the district court which could not have foreseen the change in the law wrought by *Mathews.* Indeed, the government concedes that the jury charge given was inconsistent with *Mathews.* Second, the interest protected by the rule in *Mathews* is Berkery's right to plead inconsistent defenses. 108 S.Ct. at 886–88. *See also United States v. Pervez,* 871 F.2d 310, 316 (3d Cir.1989) (plain error standard used to review "because the change in the law affects the defendant's substantial right to plead inconsistent defenses"). Third, the seriousness of the error in this case results from the admissions of all elements of the conspiracy which, by its nature, is so intertwined with the substantive offenses such that the admission of one count results in the admission of virtually all. Finally, we note that since the defense of entrapment is a judicially created defense, any judicial modification or alteration must be applied even-handedly or the very nature of the judiciary would be called to question. For the above stated reasons we concluded that it is necessary to vacate the convictions of counts 1 and 15 and order a new trial.

Turning to our second inquiry, *i.e.,* whether there was any "spill-over" effect onto the substantive counts of possession with intent to distribute P2P and distribu-

tion of methamphetamine, we cannot say that we are convinced that the jury could not have seized upon the defendant's admission to counts 1 and 15 and used those admissions to convict Berkery of counts 2–14.[4] Indeed, in the charge to the jury on entrapment, the district court specifically stated: "Mr. Berkery admits that he knowingly and intentionally conspired with Raymond Martorano to distribute methamphetamine and to possess P2P with intent to distribute." In view of the fact that the substantive charges in counts 2–14 are for possession with intent to distribute and distribution which occurred pursuant to and during the time frame set forth in the conspiracy alleged in count 1, they are closely intertwined with the offense of count 1, conspiracy to possess with intent to distribute and conspiracy to distribute. We can readily see that a jury could have used the above quoted admission to convict Berkery of counts 2–14. This is so in spite of the trial judge's cautionary warning:

> But I want to make clear that on Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13 and 14, Mr. Berkery isn't admitting any of the elements and the Government has the burden of proving all the elements of those offenses.

The government strenuously argues that there is sufficient evidence on the record to support the convictions of the substantive possession and distribution offenses. While it is tempting to accept this argument and ignore the possible effect of the required admission to all elements of the conspiracy on the other counts, we conclude that it would result in a manifest injustice. In *Bollenbach v. United States,* 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946) the Supreme Court distinguished between " 'technical errors' which 'do not affect the substantial rights of the parties' " because they are "deviations from formal correctness [and] do not touch the substance of the standards by which guilt is determined in our courts", and those errors

---

**4.** An appeal was taken only from the conviction on count 1 in the defendant's appeal and *pro se* brief. However, we noted *sua sponte* the effect *Mathews* would have on count 15 and the substantive counts, 2–14. After the first opinion was released, Berkery moved to have his appeal amended *nunc pro tunc* to include an appeal from all convictions and we granted his motion. The government had an opportunity to brief all issues now before us.

which affect the fairness of the process. 326 U.S. at 615, 66 S.Ct. at 406 (citations omitted). The Court stated

> [i]n view of the place of importance that trial by jury has in our Bill of Rights, it is not to be supposed that Congress intended to substitute the belief of appellate judges in the guilt of an accused, however justifiably engendered by the dead record, for ascertainment of guilt by a jury under appropriate judicial guidance, however cumbersome that process may be.

*Bollenbach,* 326 U.S. at 615, 66 S.Ct. at 406.

As we cautioned in *Gray, supra, quoting United States v. Silver,* 457 F.2d 1217, 1222–23 (3d Cir.1972), "[a]ppellate courts are not law enforcement agents." 468 F.2d at 262. It is our duty to determine whether guilt was "found by the jury according to the procedure and standards appropriate for criminal trials in the federal courts." 468 F.2d at 263.

Because we cannot say that the jury could *not* have used the admission of guilt required by the pre-*Mathews* rule to convict Berkery of the substantive offenses, we will reverse the district court's denial of the motion and remand for a new trial on Counts 2–14 as well.

### III.

The government urges that if we reverse Berkery's conspiracy conviction alone, we should remand to the district court for re-sentencing on all counts. In so arguing, the government relies on *United States v. Busic,* 639 F.2d 940 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). In *Busic,* we held that:

> [w]hen a defendant has been convicted after trial and sentenced under a multi-count indictment and on appeal his conviction and sentence as to certain counts is set aside because such counts enhanced the sentence for the predicate felony ... the constitutional guarantee against double jeopardy does not preclude vacating the sentence on the predicate felony counts and the imposition of a new sentence by the trial judge on the remaining counts....

*Busic,* 639 F.2d at 953. We need not reach this issue because we have decided to remand for a new trial on all counts.

### IV.

Accordingly, we will vacate the judgment of conviction on all counts and remand to the district court for a new trial.