GOVERNMENT OF THE VIRGIN ISLANDS

v.

JOSEPH ALEXANDER HENRY, Appellant

Nos. 75-1680 and 75-1681

United States Court of Appeals

Third Circuit

Argued December 5, 1975

Filed March 31, 1976

CHARLES J. GRANT, ESQ., Assistant Federal Public Defender, Christiansted, St. Croix, V.I., *for appellant*

R. ERIC MOORE, ESQ., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for appellee*

Before ALDISERT, WEIS and GARTH, *Circuit Judges*

OPINION OF THE COURT

GARTH, *Circuit Judge*

The Virgin Islands Habitual Criminals Statute was construed by the district court as constituting a separate offense requiring a separate sentence. We cannot agree. Accordingly, we are obliged to reverse and remand for correction of the defendant's sentence.

## I.

Defendant-appellant Joseph A. Henry was convicted by

a jury on May 6, 1975 of three counts of robbery[1] and of one count of burglary[2] as charged in Criminal No. 75-49. After trial, but before sentencing, the Government of the Virgin Islands (Government) filed Criminal No. 75-77, charging Henry as a habitual offender under 14 V.I.C. § 61(a) (Supp. 1975).[3]

Pursuant to the procedure established by 14 V.I.C. § 62 (Supp. 1975),[4] the district court found that Henry was a habitual criminal within the meaning of Section 61(a).[5] On May 30, 1975 Henry was sentenced separately on each of the two informations, No. 75-49 and No. 75-77.

On Criminal No. 75-49, Henry received a sentence of ten years on each of the four counts[6] to be served concurrently. The court directed that Henry commence

---

[1] 14 V.I.C. § 1861 (1964).

[2] 14 V.I.C. § 442(4) (1964).

[3] 14 V.I.C. § 61(a) (Supp. 1975) provides:
    (a) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been twice convicted of an offense which would be a felony in the Virgin Islands shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life. If the last conviction and at least one of the prior convictions is for a crime of violence, as defined in Title 23, section 451(e) of the code, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

[4] 14 V.I.C. § 62 (Supp. 1975) states in pertinent part:
    (a) No person who stands convicted of an offense under the laws of the Virgin Islands shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to sentencing, the United States Attorney or the Attorney General of the Virgin Islands, as the case may be, files an information with the Clerk of the Court and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon. . . .

[5] The Government had submitted certified judgments establishing that Henry had been convicted of two felonies in September, 1973 and April, 1975. In addition, the jury had just found Henry guilty under Criminal No. 75-49 of four felonies.

[6] The transcript of sentencing (May 30, 1975) recites that the district court imposed a ten year sentence on each of the four counts. However, the judgment of sentence filed that day indicates a sentence of fifteen years as to each count. Both parties are in agreement that the sentence imposed upon each count was in actuality a ten year term as reflected in the transcript. The appellant's brief states that corrective action is being sought to conform the judgment to the actual ten year sentence. For the purpose of this appeal, therefore, we accept as Henry's sentence the ten year term as recorded in the sentencing transcript.

serving these concurrent sentences immediately after completing service of a four year sentence on Criminal No. 75-17, which sentence had been previously imposed on Henry but is otherwise not relevant to this appeal.

On Criminal No. 75-77, the habitual criminal information, Henry received the minimum permissible sentence of ten years. This latter sentence was to be served consecutively to and after the ten year concurrent sentences imposed under Criminal No. 75-49. Thus Henry was subject to a total of twenty years imprisonment to follow the completion of the sentence he was then serving.

Henry filed timely notices of appeal from the sentences imposed in Criminal Nos. 75-49 and 75-77.[7] This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Henry argues that the Habitual Criminals Statute, 14 V.I.C. § 61 (Supp. 1975), increases the maximum punishment which may be imposed upon a habitual criminal, but does not create a separate offense. His argument, when fully elucidated, proceeds as follows. Conviction on each of the robbery counts carried a maximum penalty of 15 years.[8] The burglary count was punishable by a maximum sentence of 20 years.[9] Hence, Henry could have been sentenced to a maximum of 15 years on each robbery count and 20 years on the burglary count. Henry argues that the Habitual Criminals Statute does not create a separate offense but rather substitutes for the 15 and 20 year maximum sentences prescribed by the robbery and burglary statutes, a different and more severe sentencing range. Where the defendant has "qualified" as an habitual offender, the new sentencing range for each of the robbery

---

[7] We do not consider on this appeal the issues rasied by Henry in his pro se brief filed after oral argument. In so doing we express no opinion as to the merits of the issues raised in the pro se brief or whether or how these issues may be raised in any subsequent proceeding.

[8] 14 V.I.C. § 1862 (1964).

[9] 14 V.I.C. § 442 (1964).

and burglary counts is a minimum of 10 years and a maximum of life imprisonment. Thus, Henry contends, although it would have been permissible for the district court to have sentenced him for a period of up to life under each of the four counts of which he was convicted, it was impermissible for the court to create still another and separate offense, i.e., an habitual offender offense, and to sentence him thereon to a ten year separate sentence as a habitual criminal.

Henry therefore asserts that because the district court erred in imposing a separate sentence rather than an increased sentence under the Habitual Criminals Statute, the separate sentence must be vacated, leaving only the ten year concurrent sentences to be served. The Government, which has avoided meeting this argument head-on, contends that the total twenty year sentence imposed by the district court was a legal sentence within the statutory maximum.

## III.

■ The Virgin Islands Habitual Criminals Statute increases the punishment which must be imposed upon habitual offenders. Under 14 V.I.C. § 61(a) (Supp. 1975),[10] a defendant who has been convicted of two offenses constituting felonies "shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life." We do not interpret this statute as defining or establishing a separate offense punishable by a separate, independent sentence.[11] Rather, we construe Section 61(a), as the Supreme Court has interpreted similar recidivist statutes, as establishing

---

[10] See note 3, supra.

[11] Proof of conviction of the two prior felonies is a distinct issue separate from proof of the underlying offense. Oyler v. Boles, 368 U.S. 448, 452 (1962). However, once the court properly determines, as it did here, that the defendant had been convicted of two or more felonies, it can only increase the penalty for the underlying offense. It cannot impose a separate sentence attributable to the conviction of prior felonies.

a more severe penalty for habitual offenders than the penalty provided in the criminal statute violated. "The [recidivist] statute . . . is aimed at habitual criminals; . . . [t]he punishment is for the new crime only, but is the heavier if he is an habitual criminal. . . . The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute and goes to the punishment only." McDonald v. Massachusetts, 180 U.S. 311, 312–13 (1901); see also Graham v. West Virginia, 224 U.S. 616, 623 (1912); Moore v. Missouri, 159 U.S. 673, 677 (1895).

█ Our interpretation is confirmed by the procedures established under 14 V.I.C. § 62 (Supp. 1975).[12] This section provides that no person "who stands convicted of an offense . . . shall be sentenced to *increased punishment* by reason of . . . previous convictions, unless prior to sentencing . . .." an information has been filed. (Emphasis added.) By its terms the statute refers to its effect as *increasing the punishment* for the offense committed, and not as creating a distinct offense. Moreover, the required filing of the habitual criminal information *prior to* sentencing enables the sentencing judge to increase the punishment otherwise provided for the felony committed. If the Habitual Criminals Statute created a separate offense, this requirement would serve no purpose. The procedure thus established bolsters our view that the habitual criminal information is directly relevant to the sentencing on the underlying crime and does not constitute a separate offense.

█ We thus agree with the appellant Henry that 14 V.I.C. § 61(a) (Supp. 1975), when applicable, increases the sentence for a subsequent felony without creating a new offense. Since the Habitual Criminals Statute did not define a separate offense, a separate sentence could not be imposed thereon. Thus the district court erred in sentencing Henry on Criminal No. 75-77. That judgment of sen-

---

[12] See note 4, supra.

tence must therefore be vacated, resolving the appeal at 75-1681 in Henry's favor.

However, Henry also appealed at 75-1680 from the ten year concurrent sentences imposed on Criminal No. 75-49. He has not directed our attention to any deficiency or illegality in those sentences, nor could he. While we recognize that in sentencing under Criminal No. 75-49 the district court framed the term of imprisonment exclusively with reference to the burglary and robbery statutes, the sentence imposed nevertheless comported with the requirements of the Habitual Criminals Statute in that it provided for a term of imprisonment of not less than ten years. Thus the judgment of sentence under Criminal No. 75-49 is valid and will be affirmed.

█ We are not unaware that our construction of the Habitual Criminals Act may operate to thwart the understandable and meritorious intention of the district court in its desire to have a total sentence of twenty years imposed. However, whatever the intention of the sentencing judge, it must be subordinate to constitutional proscriptions even where the possibility of a windfall to the defendant may occur. United States v. Sacco, 367 F.2d 368, 370 (2d Cir. 1966). As this Court stated in United States v. Welty, 426 F.2d 615, 619 (3d Cir. 1970):

Added punishment under a valid sentence simply because the defendant has successfully shown the invalidity of the sentence under another count is a plain violation of the constitutional protection. It may not be justified because the sentencing judge would have imposed the higher penalty if he had been aware of the invalidity of the sentence imposed on the other counts. (Footnote omitted.)

See also United States v. Benz, 282 U.S. 304 (1931); Ex Parte Lange, 85 U.S. 163 (1874).

We will therefore affirm the judgment of sentence at No. 75-1680 and will reverse the judgment of sentence at No. 75-1681. We remand to the district court for resentencing proceedings consistent with this opinion.