### GOVERNMENT OF the VIRGIN ISLANDS

v.

### RAMOS, Miguel, Appellant.

### No. 83–3261.

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1983.

Decided Jan. 13, 1984.

Jeffrey L. Resnick (argued), James & Resnick, Christiansted, St. Croix, V.I., for appellant.

Genevieve Holm (argued), Asst. U.S. Atty., James W. Diehm, U.S. Atty., Douglas L. Capdeville, Asst. U.S. Atty., Christiansted, St. Croix, V.I., for appellee.

Before HUNTER, WEIS and ROSENN, Circuit Judges.

## MEMORANDUM OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Miguel Ramos, after a jury trial, was convicted of robbery in the first degree, 14 V.I.C. § 1862(2), assault in the third degree, 14 V.I.C. § 297, possession of a dangerous weapon during the commission of a crime of violence (two counts), 14 V.I.C. § 2251, and unauthorized possession of a firearm during the commission of a crime of violence, 14 V.I.C. § 2253.

Additionally, since Ramos had previously been convicted of a felony, he became subject to sentencing as a habitual criminal. 14 V.I.C. §§ 61 & 62. The court sentenced Ramos to a general term of fifteen years, ten of which "shall be served without probation, suspension of the sentence and without benefit of parole."

The conviction arose out of an armed robbery and shooting at the Golden Rock Esso station on Sunday, February 27, 1983. The attendant, Claudina Matos, testified that the appellant, who was not masked, pointed a knife at her and, along with a second man who was masked and carrying a gun, forced her into the tire repair room demanding more money. While Ramos and the other robber held the attendant in the tire room she saw a third man struggling with a bystander, heard a shot and ran out to find the bystander wounded.

On appeal Ramos urges several grounds.

■ First, he claims that it was error for the trial court not to have granted his motion for a judgment of acquittal. In reviewing such a motion we, of course, view the evidence in the light most favorable to the government. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1977); *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Viewed in this light, there was ample evidence to support the guilty verdict. This is true both as to the problems of identification and as to the testimony advanced by the appellant in the form of an alibi. In short, we hold that the trial court was correct in denying the motion for judgment of acquittal on the grounds of insufficiency of evidence.

Ramos next asserts that the habitual criminal statute of the Virgin Islands, 14 V.I.C. §§ 62 & 63, is unconstitutional. There is no challenge made to the procedures that were followed in imposing the enhanced sentence. *Cf. Government of the Virgin Islands v. Testamark*, 570 F.2d 482 (3d Cir.1978). Rather, the attack is upon the statute itself, the assertion being that it constitutes cruel and unusual punishment. *See Solem v. Helm,* —— U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

The necessary predicate information was before the court, and when Ramos denied at sentencing that he had previously been convicted of third degree assault, the court held a hearing at which it was uncontradicted that Ramos was the same man who had been convicted of the third degree assault.

■ The Supreme Court in *Solem v. Helm* has made it clear that "[o]utside the context of capital punishment, successful challenges of the proportionality of particular sentences will be exceedingly rare." —— U.S. ——, 103 S.Ct. at 3009 (1983). There is nothing in this case to indicate that the appellant's sentence was disproportionate to the crime, nor inconsistent with the sentence he could have received if the charge of habitual criminal had not been lodged. Ramos could have been sentenced to a term of twenty-year imprisonment and required to serve ten years without becoming eligible for parole, even in the absence of the habitual offender statute.

■ Lastly, the appellant challenges his conviction for unauthorized possession of a firearm during the commission of a crime of violence. The government concedes that Ramos did not himself carry or use a firearm, but contends that Ramos was properly convicted as an aider and abettor to his accomplice's possession. The government failed, however, to prove that the accomplice was not authorized to carry the firearm—an essential element of the crime. Because the government did not prove that the accomplice violated section 2253, *a fortiori* it did not prove that Ramos aided and abetted that violation. We will therefore reverse Ramos' conviction on the charge of unauthorized possession of a firearm during the commission of a crime of violence. Because Ramos' fifteen year sentence was general, however, and because the crimes of which he was properly convicted carried a combined penalty well in excess of fifteen years, we need not and will not alter the terms of Ramos' sentence.

The judgment of the lower court will be affirmed in part and reversed in part. The length and terms of the sentence will not be altered.