**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**v.**

**ETIENNE GEORGE, Appellant**

No. 91-3631

United States Court of Appeals

for the Third Circuit

July 9, 1992

JOSEPH ZUIKER, Assistant United States Attorney (Office of Attorney General of Virgin Islands, Department of Justice), Charlotte Amalie, St. Thomas, V.I., *for appellee*

GEORGE M. ETHRIDGE, III, Charlotte Amalie, St. Thomas, V.I., *for appellant*

BEFORE: SLOVITER, *Chief Judge*, MANSMANN and WEIS, *Circuit Judges*

## OPINION OF THE COURT

WEIS, *Circuit Judge*

In this appeal, we decide that the jurisdiction of the Territorial Court of the Virgin Islands is determined by reference to the maxi-

mum penalty provided for the charged offense. The fact that the sentence may be enhanced by application of the habitual criminal provisions does not deprive that court of the power to try and sentence the defendant to an increased term of incarceration. We will, therefore, affirm the judgment of the District Court Appellate Division sustaining the defendant's conviction and sentence in the Territorial Court.

In 1986, defendant was convicted in the Territorial Court on a charge of third degree assault, 14 V.I. Code § 297 for shooting at another individual. This offense carries a maximum penalty of five years imprisonment. After a hearing, the court found that defendant had previously been convicted of escaping from the custody of a United States Marshal, which was a "crime of violence." In accordance with the habitual criminal provision, 14 V.I. Code § 61(a), the court sentenced defendant to a ten-year term of incarceration without parole.

After various proceedings not relevant to the issues here, defendant appealed to the Appellate Division of the District Court of the Virgin Islands. He contended that the territorial judge lacked the power to impose a ten-year sentence because the court's jurisdiction at the time was limited to criminal actions in which the maximum sentence was five years or less. Defendant also argued that the sentence was disproportionate to the crime. The Appellate Division affirmed and defendant appealed to this Court.

The District Court of the Virgin Islands has general criminal jurisdiction in the territory. The Territorial Court has limited concurrent jurisdiction over criminal actions. At the time defendant was convicted, 4 V.I. Code § 76(b) stated that "the territorial court shall have original jurisdiction in all criminal actions wherein the maximum sentence does not exceed imprisonment for five years."

14 V.I. Code § 61(a) provides that a person who has been previously convicted of a felony "shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years . . . . If the last conviction is for a crime of violence, . . . imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration." Section 62(a) provides that the increased punishment may not be imposed unless, prior to sentencing, the prosecution files an information with

the court specifying the previous convictions that will be relied upon.

Defendant contends that the Territorial Court lacked the power to impose the ten-year sentence that he received and, consequently, it must be set aside. He maintains that only the district court had the authority to impose a sentence longer than five years.

In Virgin Islands v. Henry, 533 F.2d 876, 878 (3d Cir. 1976), we concluded that section 61(a) did not define or create a separate offense punishable by a separate and independent sentence, but established "a more severe penalty for habitual offenders than the penalty provided in the criminal statute violated." "By its terms the statute refers to its effect as *increasing the punishment* for the offense committed, and not as creating a distinct offense." Id. at 879.

The precise jurisdictional question presented in this case was discussed in Virgin Islands v. Ortiz, 615 F.Supp. 61 (D.V.I.1985). In that case, the Territorial Court had dismissed a habitual criminal information because the penalty would have exceeded the five-year imprisonment limitation. The district court reversed, holding that "a court's jurisdictional grant only determines the type of case a court can hear and does not limit the length of sentence a court may impose." Id. at 62. Relying upon Lawrence v. United States, 224 A.2d 306 (D.C.1966), the court found "persuasive the distinction between the power of a court to try an offense and the supplementary authority for a court to impose penalties." Ortiz, 615 F.Supp. at 63.

The Appellate Division of the District Court adopted the Ortiz ruling in an unreported opinion, Virgin Islands v. James, No. 1986/29 (D.V.I. April 30, 1987). The dissenting judge in that case reasoned that the Habitual Criminal Statute created an additional "proceeding" by requiring the prosecutor to file a separate information invoking the enhancement provision. The dissent concluded that the Territorial Court lacked jurisdiction over that additional proceeding because it provided for a sentence greater than five years.

We do not agree with that view because, as we held in Henry, the Habitual Criminal Statute does not create an additional offense, but enhances penalties for the same offense. 533 F.2d at 879. We are persuaded that Ortiz presents a pragmatic and legally defensible interpretation of the statute.

426

Determining the Territorial Court's jurisdiction based on the statutory penalty for specific offenses makes it possible for the legislature to appraise the nature of the crimes which that court may adjudicate. The correlation between the nature of the offense and the court's jurisdiction would be vitiated if jurisdiction depended not on the type of crime, but on the individual defendant's criminal record. A ruling by this Court differing from that in Ortiz would thwart the policy underlying the legislature's classification scheme.

Practical considerations also argue in support of the Ortiz rationale. By looking solely to the statutory penalty for an offense, jurisdiction can be determined at the inception of the criminal proceeding and sentencing as well as trial may be concluded in the same forum. We find no legislative intent to the contrary. We do not believe the legislature intended to prohibit prosecutors from filing a habitual offender information when they do not become aware of prior crimes until after the commencement of the underlying criminal action. Nor do we believe that the legislature intended cases to be transferred to the district court if the habitual criminal provisions become applicable.

■ The reasoning in Ortiz is consistent with our approach in Henry where we emphasized the nature of additional punishment and not separable offenses. Accordingly, we hold that if the statutory penalty for the charged offense comes within the maximum sentence listed in the jurisdictional provisions of section 76(b), the habitual criminal provisions of section 61 do not oust the Territorial Court of power to try the case.

The second issue on this appeal is the proportionality of the defendant's sentence. Defendant, without much explanation, simply contends that his sentence was disproportionate to the crime committed and grossly inconsistent with the sentence he would have received if the habitual offender information had not been lodged. Consequently, he maintains, his sentence is unconstitutional.

A similar contention was raised and rejected in Virgin Islands v. Ramos, 730 F.2d 96 (3d Cir. 1984). There, we observed that in Solem v. Helm, 463 U.S. 277, 289–90, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983), the Supreme Court had pointed out that "[o]utside the context of capital punishment, successful challenges of the proportionality of particular sentences [will be] exceedingly rare." Ramos, 730 F.2d at 98. The Court explained in Rummel v. Estelle, 445 U.S. 263, 284, 100 S.Ct. 1133, 1144, 63 L.Ed.2d 382 (1980), that the pri-

427

mary purposes of a recidivist statute "are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." The point at which the recidivist has demonstrated his proclivities and the length of an enhancement "are matters largely within the discretion of the punishing jurisdiction." Id. at 285, 100 S.Ct. at 1145.

■ In the case at hand, the maximum penalty provided in the statute for assault in the third degree is five years. The enhanced sentence of ten years thus doubles the statutory penalty. Additionally, defendant will be deprived of any possibility of parole or probation. The charge of which defendant was convicted involved violence with the possibility of inflicting severe bodily harm or death. We are not convinced that the sentence for this offense, as a second conviction, was disproportionate.

Accordingly, the judgment of the district court will be affirmed.