**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**ROBERTO SMALLS, Defendant**

Criminal No. F12/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 27,1995

JOHN W. DAVIS, II, ESQ., DAVID BASS, ESQ., (Assistant Attorneys General), Virgin Islands Department of Justice, St. Thomas, V.I., *for plaintiff*

VICTOR SCHNEIDER, ESQ., GWENDOLYN WILDS, ESQ., (Assistant Public Defenders), Office of the Territorial Public Defender, St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## OPINION II
### I.

In this case, the court is faced with an issue that concerns the limited role of a court in interpreting legislation, consistent with legislative intent, without judicially rewriting that legislation to achieve a particular result. Despite the heightened public interest in this case—the first murder case to be tried in the Territorial Court—this court will uphold the law as enacted by the Legislature, even though the result at first glance may not appear to be publicly palatable.

The Defendant was charged with Murder in the First Degree in violation of 14 V.I.C. §§ 921 and 922(a)(1) [Count I]; Assault in the First Degree in violation of 14 V.I.C. § 295(1) [Count II]; and Unauthorized Possession of a Firearm in violation of 14 V.I.C. § 2253(a) [Count III]. At the close of the Government's case, the Defendant moved, pursuant to FED. R. CIV. P. 29, for a judgment of acquittal on all counts. This court denied the motion as to Counts I and II, but granted it as to Count III.

As to Count III, the Defendant argued that under 23 V.I.C. § 470, possession of a firearm is authorized up to twenty four hours after obtaining it, that the Government failed to present any evidence during its case in chief that the Defendant possessed a firearm for more than twenty four hours, and that the Government is specifically prohibited from prosecuting such limited possession as unauthorized. The Government opposed the motion, contending that it was not required to prove "unauthorized possession" as an element of the offense.

Thus, the question presented is whether in a prosecution for Unauthorized Possession of a Firearm in violation of 14 V.I.C. § 2253(a), the Government must prove as an element of the offense that the possession of the firearm was "without authorization of law." For the reasons stated herein, this court answers the question in the affirmative and grants the Defendant's Motion for Judgment of Acquittal on Count III.[1]

## II.

On the night of January 8, 1994, the Defendant attended a "Calabash Jam" at the First Class Night Club located on the second floor of the Wendy's Building in the area of Mandela Circle on St. Thomas, Virgin Islands. At some time during the party at the First Class Night Club, the Defendant threatened Mr. Kenneth Venzen and others during a confrontation. In the early morning hours of January 9, 1994 after the party ended, one of four off-duty police officers who were moonlighting as security guards for the First Class Night Club saw the Defendant walk towards a vehicle

---

[1] On March 3, 1995, Judge Alphonso Andrews of the St. Croix Division of the Territorial Court issued a Memorandum Opinion on the same issue. Judge Andrews ruled that the Government need not prove that the possession was "unauthorized" as an element of "Unauthorized Possession of a Firearm," and that the burden was on the defendant to establish "authorized possession" as an affirmative defense. He therefore denied the defendant's Motion to Dismiss. *See Government v. Perry Lucious King,* Criminal No. 529 (1994-Terr. Ct. St. Croix). This court disagrees with the holding that the burden is on the defendant to prove lawful possession as an affirmative defense, and holds that when the Government charges a defendant with "Unauthorized Possession of a Firearm," it not only must prove "possession" and "firearm," but it also must prove that the possession was "unauthorized" during its case in chief as required by *Government v. Ramos,* 730 F.2d 96, 98 (3D CIR 1984, and *United States v. Xavier,* 2 F.3d 1281, 1289 (3D CIR 1993).

parked in the Wendy's parking lot, take a firearm from the occupant of the vehicle, cock the firearm, and hold it by his side as he walked towards the parking lot exit.

The police officer who saw this shouted to the other officers that the Defendant had a gun and they all hurried down the balcony steps hoping to intercept the Defendant. However, before they could reach him and despite shouting at him, the Defendant, as he reached the parking lot exit, began shooting at several occupants in the back of a truck that was heading north. The officers then started shooting at the Defendant. Following a chase by the officers into the nearby Paul M. Pearson housing project, the Defendant was arrested.

## III.

Count III of the Information filed against the Defendant charged him as follows:

> On or about January 9, 1994, in St. Thomas, United States Virgin Islands, ROBERTO SMALLS, did, *not being authorized by law*, knowingly possess, bear or carry on his person a firearm, in violation of 14 V.I.C. Section 2253(a). (Emphasis Added)

Title 14, Section 2253 of the Virgin Islands Code imposes criminal liability on any person who possesses, bears, transports or carries a firearm either openly or concealed on or about his person or under his control in any vehicle, but only when such person is not otherwise authorized by law to possess it. The statute states in pertinent part:

> "Whoever, *unless otherwise authorized by law*, has, possesses, bears, transports or carries either openly or concealed on or about his person...any firearm, as defined in Title 23, section 451(d) of this code, loaded or unloaded, may be arrested without a warrant." (Emphasis Added).

The elements of Section 2253(a) are that the defendant: (1) without authority of law; (2) possessed; (3) a firearm; (4) openly or concealed, on or about his person, and loaded or unloaded. Since these are the elements specifically mandated by the Legislature in 14 V.I.C. § 2253(a) as necessary to constitute an offense thereunder,

178

none of them can be ignored or overlooked by the Government once it decides to charge the defendant with such an offense. The filing of such a charge raises the presumption that the prosecution will be able to prove each element, including "without authority of law," during its case in chief. If the prosecution is unable to prove the element of "without authority of law," then it should not charge the defendant with that offense. Indeed, it is axiomatic that the Government, after failing to prove the elements during its case in chief, cannot then call on the defendant to prove his innocence by affirmative defense.

■ Moreover, we are not left without guidance on this issue. The Third Circuit has already established that an essential element of the crime of "Unauthorized Possession of a Firearm" is that the person possessing the firearm is "not otherwise authorized by law" to carry or possess the firearm. *Government v. Ramos*, 730 F.2d 96, 98 (3d Cir. 1984); *see also, United States v. Xavier*, 2 F.3d 1281, 1289 (3d Cir. 1993). Therefore, in accordance with the ruling of the Third Circuit, the Government must prove as an element of the offense that the defendant was "not authorized by law" to possess the firearm.[2]

Although *Ramos* and *Xavier* involved the question of firearm licenses, so does this case and every case in which "unauthorized possession" is charged under 14 V.I.C. § 2253(a). Indeed, the Government must prove in all "unauthorized possession" cases that the defendant is neither authorized by a firearm license nor by any of the other three lawful means to possess it. Thus, the language of both Ramos and Xavier is not limited to the issue of a "license" but speaks in general terms of "unauthorized possession." For example, in Ramos, the court stated:

---

[2] This court is aware of an unpublished decision of the Third Circuit in which the panel summarily denied the appellant's "24-hour authorized possession" contention. *See Government v. Liburd*, No. 94-7383 (3d Cir. filed December 28, 1994). It should be noted, however, that the Third Circuit's entire reference to the issue took up only three lines of a thirteen page opinion, and effectively brushed aside the issue without any analysis whatsoever. The Third Circuit simply stated:

"Liburd is incorrect. There is no twenty-four hour requirement in section 2253.

V.I. Code Ann. tit. 23, § 470 does not add an additional requirement." *Id.* at 9.

Such summary disposition of a legislative enactment cannot be considered precedent setting nor legally binding, especially in an unpublished opinion.

The government failed, however, to prove that the accomplice was *not authorized* to carry the firearm—*an essential element of the crime.* (Emphasis added)

*Id.*, at 98. And in Xavier, the court stated:

However, an *essential element* of the crime is that the person using the gun is not *'otherwise authorized by law'* to carry or possess the gun. (Emphasis added)

*Id.*, at 1289.

■ Attempts by the Government to circumvent the Third Circuit ruling by distinguishing one type of "authorized possession" from another must be rejected. The Legislature has established only four provisions that authorize the possession of a firearm, and authorization under either one renders prosecution under 14 V.I.C. § 2253(a) improper. Chapter 5 of Title 23 of the Virgin Islands Code, the chapter that legislates "Control of Firearms and Ammunition in the Virgin Islands," contains those four provisions, and they are as follows:

(1) Title 23 V.I.C. § 453(a)—(authorizing possession by members of the armed forces, peace officers and government officials, etc.);
(2) Title 23 V.I.C. § 454—(authorizing possession by license issued by the V.I. Police Commissioner);
(3) Title 23 V.I.C. § 460—(authorizing possession based upon reciprocal recognition of out-of-state licenses); and
(4) Title 23 V.I.C. § 470—(authorizing possession for twenty four hours after receipt).

■ This court rejects the Government's argument that it is too burdensome for it to prove unauthorized possession in its case in chief. This burden is placed on the Government by the Legislature, not by the court, and if the legislation needs amending, the amendment must come from the Legislature.[3] Despite the burden,

---

[3] The Department of Justice has stated that it has drafted proposed legislation for submission to the Virgin Islands Legislature for resolution of any possible conflict between 14 V.I.C. § 2253 and 23 V.I.C. § 470, or to make the 24-hour rule inapplicable when a firearm is used in the commission of a crime.

however, the Government can be successful in prosecuting "unauthorized possession" cases by investigating and determining: (1) whether an individual is a member of the armed forces; (2) whether an individual is a territorial or U.S. peace officer or employee authorized to carry a firearm; (3) whether an individual has a license or is otherwise authorized by a territory or U.S. jurisdiction to carry a firearm; and (4) the length of an accused's possession of the firearm. Indeed, such investigations and determinations should be conducted routinely before charges of "unauthorized possession" are filed.

Title 23 V.I.C. § 470 provides in pertinent part:

> (a) Any person other than a licensed dealer, who purchases or otherwise *obtains any firearms or ammunition from any source within or outside of the Virgin Islands* shall report such fact in writing or in person to the Commissioner within 24 hours after receipt of the firearm or ammunition ... (Emphasis added.) ...
>
> (c) ... *If the person is not qualified for a license* then the Commissioner shall retain the firearms or ammunition for disposition in accordance with the provisions of section 475 of this chapter, *but no prosecution shall lie against the person for unlawful possession of the firearm or ammunition.* (Emphasis added)

■ ■ The foregoing provisions give any person who obtains possession of a firearm or ammunition, by purchase or otherwise, twenty four hours to report the receipt of the firearm or ammunition to the Police Commissioner. This 24-hour period applies whether the possession is by purchase or otherwise, and regardless of the source of possession, whether within or outside the Virgin Islands. Thus, whether a defendant intended to report the firearm or not does not vitiate the legal authority to possess the firearm for twenty four hours before reporting it. There is no element of "intent to report" under the statute. In fact, the law recognizes that some persons who obtain possession of a firearm may not qualify for a license, and it therefore requires the Commissioner of Police to confiscate such firearms or ammunition. However, it commands that "no prosecution shall lie against the person for unlawful

possession." Since the facts in this case establish that the Defendant did not possess the firearm for twenty four hours, it cannot be presumed that he would not have reported the possession of the firearm in order to justify prosecution contrary to the provisions of Title 23 V.I.C. § 470.

Moreover, the Government treats "possession for more than 24 hours" as an essential element of the offense whenever it charges a defendant with "Unauthorized Possession of Ammunition" under Title 23 V.I.C. § 470. *See Government v. Mackindale Smith,* Criminal No. F18/1994, (Terr. Ct. filed January 26, 1994).[4] Title 23 V.I.C. § 470 applies to both firearms and ammunition, yet the Government is inconsistent in its treatment when charging "unauthorized possession of a firearm" versus "unauthorized possession of ammunition." Obviously, the Government cannot have it both ways. If possession of ammunition is "authorized" until possession exceeds 24 hours, then similarly possession of a firearm is "authorized" until possession exceeds 24 hours.[5]

■ In addition, the relationship between 14 V.I.C. § 2253 and 23 V.I.C. § 470 is not as distant as their position in the Virgin Islands Code may suggest. In fact, their compatibility stems from their original joinder as related sections of Chapter 5 of Title 23 that regulates control of firearms and ammunition in the Virgin Islands. The original Section 477 of Title 23 was the first provision which prohibited possession of firearms "unless otherwise authorized by law."[6] It became effective at the same time as Section 470 when

---

[4] In that case, the Government charged the defendant as follows:

COUNT TWO

On or about December 24, 1993, in St. Thomas, U.S. Virgin Islands, Mackindale Smith, ... not being a licensed dealer, did purchase or obtain ammunition, to wit: a 9 mm round and (2) 12 gauge shotgun rounds, from a source within or outside of the Virgin Islands *without reporting said fact to the Commissioner within 24 hours of receipt,* in violation of 23 V.I.C. § 470(a). (Emphasis added.)

[5] Just as the Government meets the 24-hour burden with respect to ammunition, it can meet the burden with respect to firearms. In fact, this court has tried many cases of "Unauthorized Possession of Firearm" and has denied numerous Rule 29 motions whenever there is some evidence of possession for more than 24 hours (usually by other witnesses), and in most cases convictions were returned by the jury.

[6] Title 23 § 477 stated:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any

Chapter 5 (covering Sections 451 to 486) was enacted as Act No. 2279 on July 11, 1968. Thus, there is no question that both sections, § 470 and § 477, are closely related and were intended by the Legislature to be construed together. This relationship did not change when in 1974 Act No. 3566 repealed Section 477 and transferred its provisions, with increased penalties, to 14 V.I.C. § 2253. Indeed, the transfer from 23 V.I.C. § 477 to 14 V.I.C. § 2253 did not change in any way the four forms of authorized possession still in effect under § 470. The provisions of 23 V.I.C. § 470 and 14 V.I.C. § 2253 must therefore be read in pari materia. If the Legislature wanted to amend 23 V.I.C. § 470 to eliminate any of its provisions, it could have done so. Furthermore, our system of justice and common sense dictate that if penalties are increased, then a fortiori the burden of proof cannot then be shifted to the defendant to prove his innocence. Such a revolutionary concept can neither be implemented by legislative inadvertence nor by judicial fiat.

■ Moreover, the enactment of the "24-hour authorized possession" law under 23 V.I.C. § 470 is reasoned, appropriate, and necessary public policy because of the devastating impact that a deliberately planted firearm can have on anyone falsely charged with "unauthorized possession." For example, the absence of such a law would enable one person to frame another by simply placing a firearm in his personal or real property, and reporting the existence of the firearm to the police. If the only proof needed is (1)

---

vehicle of any description any firearm, loaded or unloaded, except in his dwelling house or place of business or on other land possessed by him, may be arrested without a warrant, and shall be fined not more than $500 or imprisoned not more than 1 year, or both, except that if such person shall have been convicted of a felony, or if such firearm was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence, then such person shall be fined not more than $1,000 or imprisoned not more than 5 years, or both. The foregoing applicable penalties provided for violation of this section shall be in additions to the penalty provided for the commission of, or attempt to commit, the crime of violence.

(b) In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a firearm, used or attempted to be used, and had no license to carry the same, shall be evidence of his intention to commit said crime of violence.

(repealed 1974)

the firearm, and (2) the possession, without regard to when the possession was obtained, then a defendant would be compelled to suffer through all the criminal proceedings until he could present his affirmative defense, at which time he would be forced to prove his innocence while the Government, which should have the burden, sit and watch him struggle. The Legislature recognized this absurdity and therefore enacted 23 V.I.C. § 470 to protect the public.

## IV.

Based on the foregoing, this court holds that in a prosecution for "Unauthorized Possession of a Firearm" in violation of 14 V.I.C. § 2253, the Government must prove "unauthorized possession" in its case in chief as an essential element of the offense. This court acknowledges the heavy burden on the Government to prove "unauthorized possession," but relief from that burden must come from the Legislature which is empowered to make such policy decisions, not from the court.[7] Accordingly, the Defendant's Motion for Judgment of Acquittal as to Count III, Unauthorized Possession of a Firearm, must be granted.

## ORDER II

This matter is before the court on the Defendant's Motion for Judgment of Acquittal as to Count III of the Government's Information pursuant to Rule 29 of the Federal Rules of Criminal Procedure; and

The court having considered the arguments of the parties, and for the reasons set forth in the court's opinion of even date; it is hereby, ORDERED, that the Defendant's Motion for Judgment of Acquittal as to Count III is GRANTED.

---

[7] The trial proceeded as to Counts I and II and the Defendant was convicted on both counts; but during the Defendant's case, further evidence was presented that he did not have possession of the firearm for 24 hours. Thus, it is clear that even if an affirmative defense was compelled, the Government would still have to prove "unauthorized possession" in order to avoid a Rule 29 dismissal at the close of the case. But the Government should not be allowed to use the "affirmative defense" rationale as a scheme to force a defendant to testify. If the Government does not have proof of violation of the law, it should not charge the defendant with that violation. And if it desires a change in the law, it should seek legislative action, as it is supposedly doing regarding this issue.