**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**WILLIAM G. CLARK, Defendant**

Case No. ST-09-CR-020
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
November 5, 2010

CLAUDE WALKER, ESQ., DOUGLAS SPROTTE, ESQ., Department of Justice, St. Thomas, USVI, *Attorneys for the Plaintiff.*

KERRY E. DRUE, ESQ., RUDOLPH ACREE, JR. ESQ., MARK E. SCHAMEL, ESQ., St. Thomas, USVI, *Attorneys for the Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(November 5, 2010)

After the People rested its case-in-chief in the above styled matter,[1] the Defendant made a Motion for Judgment of Acquittal on all counts of the Amended Information pursuant to FED. R. CRIM. P. 29 and SUPER. CT. R. 7.[2] The People opposed the Defendant's request for acquittal. For reasons elucidated below, this Court granted Defendant's motion for acquittal on all counts.

■ In reviewing a defendant's motion for judgment of acquittal, a court must determine whether there is substantial evidence upon which a reasonable jury can base its verdict. *United States v. Koenig*, 40 V.I. 440, 53 F. Supp. 2d 803, 1999 U.S. Dist. LEXIS 2957 (D.C.V.I. 1999). (*See*

---

[1] This matter came on for jury selection and trial on Monday, October 25, 2010. On Tuesday, October 26, 2010, the People began its case-in-chief. On Thursday, October 28, 2010, the People rested, after which, the Defendant moved for judgment of acquittal pursuant to FED. R. CRIM. P. 29 and SUPER CT. R. 7.

[2] **Rule 29. Motion for a Judgment of Acquittal**

    **(a) Before Submission to the Jury.** After the government closes its evidence . . . the court on the defendant's motion *must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.* The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

**Rule 7. Practice in the Superior Court**

    The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedures, the Federal Rules of Criminal Procedures and the Federal Rules of Evidence.

*also Government of the V.I. v. Smalls*, 32 V.I. 157, 1995 V.I. LEXIS 28 (Terr. Ct. St. T. and St. J. 1995)) (holding that a court, upon considering a motion for judgment of acquittal, must determine whether there is substantial evidence from which the jury can find guilt beyond a reasonable doubt.). Additionally, a court must view evidence in the light most favorable to the government and draw all reasonable inferences there from in the prosecution's favor. *United States v. Koenig*, 40 V.I. 440, 53 F. Supp. 2d 803, 1999 U.S. Dist. LEXIS 2957 (D.C.V.I. 1999). If there is not substantial evidence upon which a reasonable jury can base its verdict the motion *must*[3] be granted. Even if the decision generates great public reprobation, the Court cannot and will not abdicate its most fundamental constitutional responsibility to ensure that defendant's conviction is based upon competent evidence that establishes guilt beyond a reasonable doubt.

Under Virgin Islands law, *murder* is defined as "the unlawful *killing of a human being* with malice aforethought." V.I. CODE ANN. tit. 14 § 921. (*See also Government of the Virgin Islands v. Smith*, 949 F.2d 677, 27 V.I. 332 (3d Cir. 1991)). First degree murder is defined as all murder which "(1) is perpetrated by means of poison, lying in wait, torture or by any other kind of willful, deliberate and premeditated killing; or (2) is committed in the perpetration or attempt to perpetrate arson, burglary, kidnapping, rape, robbery, or mayhem." V.I. CODE ANN tit. 14 § 922(a). (*See also Government of the Virgin Islands v. Smith*, 949 F.2d 677, 27 V.I. 332 (3d Cir. 1991)). All other kinds of murder are murder in the second degree. V.I. CODE ANN tit. 14 § 922(b). (*See also Government of the Virgin Islands v. Smith*, 949 F.2d 677, 27 V.I. 332 (3d Cir. 1991)). On the other hand, *voluntary manslaughter* is defined as "the unlawful *killing of a human being* without malice aforethought . . . upon a sudden quarrel or heat of passion." V.I. CODE ANN. tit. 14 § 924(2). (*See also Government of the Virgin Islands v. Smith*, 949 F.2d 677, 27 V.I. 332 (3d Cir. 1991).

In the case *sub judice*, Count I of the Amended Information charges the following:

## COUNT ONE

On or about September 7, 2008, in St. Thomas, Virgin Islands, **William G. Clark**, unlawfully killed a human being with malice afore-

---

[3] *See* Footnote 2, Rule 29(a).

thought, to wit: *he shot and killed **Marcus Sukow*** with a firearm, in violation of V.I. CODE ANN. tit. 14 §§ 921, 922(b). **[SECOND DEGREE MURDER]**

Similarly, Count III of the Amended Information charges the following:

## COUNT THREE

On or about September 7, 2008, in St. Thomas, Virgin Islands, **William G. Clark**, unlawfully killed a human being with malice aforethought, upon a sudden quarrel or heat of passion, in that *he shot and killed **Marcus Sukow*** with a firearm, at the conclusion of dispute between William Clark and **Marcus Sukow**, in violation of V.I. CODE ANN. tit 14 §§ 924. **[Voluntary Manslaughter]**

▮ Thus, the People had as part of its burden of proof to prove that Defendant killed Marckus Sukow, a human being. The People during its case-in-chief, failed to identify by competent evidence that the deceased individual upon which the Medical Examiner, Dr. Francisco J. Landron, performed an autopsy on or about September 10, 2008 was Marcus Sukow. *See* 107 AM. JUR. *Trials* 413 (2010) (*Trials Involving Autopsy Evidence § 10*) ("One of the primary duties of a coroner or forensic pathologist is to determine whose body is in the morgue. A corpse may be identified by visual identification, circumstantial evidence and physical evidence. Also, a corpse may be identified by a relative, a friend, or another person. Or, a corpse may be identified through official documents, such as driver's license or other found papers."); *see also* 98 AM. JUR. *Proof of Facts* 3d 87 (2007) and 40A AM. JUR. 2d *Homicide* § 276 (2010) ("The identity of the victim of a homicide must be shown . . . where the indictment or information alleges that a named person has been slain. It is well established that a witness who knew or saw the decedent during life may testify as to the identity of the decedent."). While the People introduced the deposition testimony of Dr. Landron to prove a killing of a human being and the parties stipulated at the time of the deposition to the use of the Autopsy Report and Death Certificate — there is absolutely no legally competent evidence adduced by the People at trial that identifies the body upon which Dr. Landron performed an autopsy, three days after the shooting on September 10, 2008, as that of the human being Marcus Sukow whom Defendant shot on September 7, 2008. There is no

testimony from Dr. Landron that he personally knew Marcus Sukow prior to his death. There is no testimony from one who knew Marcus Sukow prior to his death that he indicated to Dr. Landron that the corpse autopsied was in fact that of Marcus Sukow. Without such foundation testimony, the identification in the Autopsy Report and Death Certificate is hearsay and not competent to establish the identity of Marcus Sukow. Simply put, the prosecution fatally failed to lay a proper foundation to establish a nexus between the person that Defendant shot and the body upon which Dr. Landron performed an autopsy. *See Hopt v. People*, 110 U.S. 574, 580-581, 4 S. Ct. 202, 205-206 (1884) (reversing a conviction based upon prejudicial error holding "no proper foundation was laid for the question propounded to the surgeon as to who pointed out and identified to him the body he examined as that of John F. Turner" [victim allegedly murdered by defendant], "where surgeon had previously stated that he did not personally know the deceased, and did not recognize the body to be his" and "where Fowler [person who allegedly identified the body to surgeon] was not even shown to have been placed in charge of the body, nor commissioned to deliver it to the surgeon, nor to be acquainted with the deceased.") and *People v. Smith*, 55 Cal. App. 324, 327-329, 203 P. 816, (Cal. App. 2 Dist. 1921) (reversing a conviction holding "no evidence of any kind whatever had been given or suggested to show that the witness had any knowledge of the identity of the person concerning whose stomach he was asked to testify" and the "only other evidence introduced to identify the stomach was hearsay evidence" that was "manifestly insufficient to lay the foundation for the introduction over defendant's objection, of the contents of the stomach."). Consequently, in the absence of competent proof of this nexus before this Court, there is insufficient, rather, no evidence upon which a reasonable jury could find that Defendant killed Marcus Sukow as alleged in Counts I and III of the charging document. For the foregoing reasons, Defendant's motion for judgment of acquittal must be granted.